SUNLIGHT, The (WYLIE v.). See Case No. 2,368.

SUN MUTUAL INS. CO. (HERNANDEZ v.). See Case No. 6,415.

## Case No. 13,618.

SUN. MUT. INS. CO. et al. v. McDOUGAL.

[N. Y. Times, Feb. 11, 1864.]

District Court, S. D. New York.

ARREST IN CIVIL SUIT — SECOND ARREST IN DIFFERENT STATE.

[One arrested in a civil suit, and going to another state in virtual custody of his bail, may there be arrested in another civil suit, if his bail voluntarily relinquish all claim to his detention.]

[This was a libel by the Sun Mutual Insurance Company and others against McDougal.]

This was a motion to discharge the defendant from arrest. The libel alleged that the libellants were insurers on the cargo of the schooner Jessie, of which vessel the defendant was master; that the vessel was wrecked in August last on one of the Bahamas; and that the property saved was sold by the defendant, and the proceeds amounted to $5,154 59; and that he refused to pay it over to the libellants, who were entitled to it, but had fraudulently appropriated it. On this libel the defendant was arrested and held to bail in $8,000. The defendant, on an affidavit denying any misappropriation of the funds, and alleging that there were claims for salvage and expenses on the proceeds of the property, and that he had left them in the hands of an agent in the Bahamas to await the settlement of the claims, and that he had been arrested in Boston by a detective and brought here against his will, moved to be discharged from arrest. The libellants read affidavits to show that he was arrested in Boston in another suit brought by one of the owners of the cargo against him, and that he voluntarily came on here in custody of his bail in that suit, to arrange the matter.

Mr. Fessenden, for libelants.

Mr. Averill, for respondent.

HELD BY THE COURT: That nothing is shown in the case preventing the libellants from arresting the defendant in this suit, if he was virtually at the same time in custody of his bail on another civil action, such bail having voluntarily relinquished all claim to his detention. Motion therefore denied, without costs.

SUN MUT. INS. CO. (MEIGS v.). See Case No. 9,396.

SUN MUT. INS. CO. (OCEAN INS. CO. v.). See Cases Nos. 10,407 and 10,408.

SUN MUT. INS. CO. (WRIGHT v.). See Case No. 18,095.

## Case No. 13,619.

The SUNNYSIDE.

[5 Ben. 162.] [3]

District Court, E. D. New York. May, 1871.

COSTS—WITNESS' FEES.

A witness, subpœnaed at the place of trial on the day on which he is required by the subpœna to attend in court, is not entitled to travel fees to and from his place of residence. If not so subpœnaed, he is entitled to such travel fee.

In admiralty.

BENEDICT, District Judge. The only question raised by the appeal, which is taken from the clerk's taxation of costs, is whether the amount paid the witnesses was a necessary payment in order to compel their attendance.

This question cannot be determined upon the affidavits, as there is an omission to state when and where the witnesses were subpœnaed. The affidavit may be amended, however, and the bill thereupon retaxed by the clerk, who will allow the sums actually paid each witness as travel fee, at the rate of five cents per mile from his place of residence and five cents per mile for returning thereto, and not exceeding one hundred miles, unless it appears that the witness was subpœnaed at the place of trial on the day on which he was required by the subpœna to attend in court. A witness, so subpœnaed, is not entitled to receive a travel fee for coming to the court.