## In re ADDIS.

*(District Court, W. D. South Carolina.   September 30, 1886.)*

WITNESSES — DEFENDANT UNDER INDICTMENT WITNESS IN ANOTHER CASE — MILEAGE AND WITNESS FEES.

   A defendant in attendance upon court under indictment, under recognizance, who is also under recognizance as witness for the United States in another case, is entitled to his mileage and witness fees for attendance in the latter case.

*Stokes & Irvine*, for J. L. Addis.

SIMONTON, J.   Addis has been in attendance at this term of the court, a defendant under indictment, under recognizance. He was also under recognizance as a witness for the United States in a prosecution against another person. Is he entitled to the fees and mileage as a witness?

There seems to have been some doubt on this point. The question now comes up on a rule against the clerk. Section 848 of the Revised Statutes allows the *per diem* and mileage to all witnesses, without qualification, except that, if the witness is subpœnaed in more than one case, he gets mileage for one case, and not more than one *per diem* allowance during his attendance on the court. Sections 849, 850, qualify the words of section 848 with respect to officers of the court, and with respect to clerks and other officers of the United States. These get no *per diem* or mileage as witnesses when called by the government. None others are excepted. *Expressio unius*, etc. Clerks of the court, and the other officers and employes of the United States, are paid for their services. Their whole time belongs to the government. When absent from their posts, in attendance on the courts, their pay goes on; and, being thus paid, they can be used by the government without further compensation.

Defendants attending court in their own behalf owe no special duties to the government. They are in attendance or they absent themselves at their own peril. When they are called to the assistance of the United States in its case against another person, they are not performing a public duty which every citizen should perform at his own cost. They are discharging a service for which the law provides a specific and fixed compensation.

It is said that the mileage and *per diem* of a witness are intended to reimburse him for the expense to which he has been put in obey-

ing the subpœna; that a defendant is already in court; that, being present on compulsion, the subpœna has not put him to any expense. True, he is present, and he is present because he has been bound over to appear and answer. But this does not compel him to appear and testify. When he appears and answers the charge made against him, and submits to the judgment of the court, he does all that he has bound himself to do, and goes without day. Can the government, under these circumstances, make use of his services gratuitously? He is not in the pay of the government. Except that he must be ready to appear and answer when called, and in fact does so appear and answer, he is master of his own time and of himself.

In a well-considered case (*Edwards* v. *Bond*, 5 McLean, 301) a juror who attended, and was also under subpœna as a witness for the United States, was allowed the fees and mileage of a witness, as well as his pay as juror. *A fortiori*, a defendant should be allowed his *per diem* and mileage for his attendance under subpœna as a witness for the United States. And it is so ordered.