### In re BEAVERS.

(District Court, S. D. New York. October 24, 1903.)

1. ARREST—PERSONS LIABLE—SECOND ARREST OF PERSON ON BAIL.

A court which has in its custody a person charged with a crime has exclusive custody and jurisdiction until the question of his guilt or innocence is determined; and a person arrested on a commissioner's warrant, and either in custody or held to bail pending his examination for removal to another district to answer to a criminal charge, is not subject to a second arrest, for removal to a different district, until the first proceeding has been terminated.

On Application for Writ of Habeas Corpus.

Morgan & Seabury, for petitioner.

Ernest E. Baldwin, Asst. U. S. Atty.

HOLT, District Judge. This is a writ of habeas corpus issued upon the petition of George W. Beavers, who alleges that he has been illegally arrested under an order of Samuel M. Hitchcock, Esq., a United States commissioner. The petitioner was indicted by the federal grand jury in the Eastern District of New York. A warrant for his arrest was issued by the judge of the Eastern District of New York, but he was not found within that district. An application was thereupon made to Samuel M. Hitchcock, a United States commissioner in the Southern District, for a warrant for his arrest and removal. A warrant was issued by the commissioner, under which the petitioner was arrested and brought before him. The petitioner demanded an examination, and gave bail for his appearance before the commissioner. Subsequent to the finding of the indictment in the Eastern District of New York, another indictment against the petitioner was found by the grand jury of the District of Columbia. A bench warrant was issued by the Supreme Court of the District of Columbia for his arrest under the indictment, but, not being found within the District of Columbia, another application was made to Commissioner Hitchcock, in the Southern District of New York, for his arrest and removal under the second indictment. A warrant on this second application was issued by the commissioner, under which he was arrested by the marshal of the Southern District of New York, and brought before the commissioner. The petitioner thereupon demanded an examination, and was again admitted to bail by the commissioner. The bail given upon the second arrest under the warrant issued upon the indictment in the District of Columbia subsequently surrendered the petitioner to the marshal for the Southern District of New York, and thereupon the petitioner filed a petition in this court for this writ of habeas corpus, alleging that his second arrest was illegal.

In my opinion, the fact that Beavers had given bail on the first arrest, and was not in the actual custody of the marshal when the second arrest took place, is immaterial. The general rule is as stated by Mr. Justice Swayne in Taylor v. Taintor, 16 Wall. 371, 21 L. Ed. 287:

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment."

The question, therefore, in my opinion, is precisely the same as though the marshal, while holding the petitioner under the original warrant of the commissioner pending the examination as to whether he should be removed to the Eastern District of New York, had received the warrant of the commissioner issued on the indictment found in the District of Columbia. I think that in such a case, although the issue of the warrant was proper, it would be the duty of the marshal not to execute it, but to hold it pending the decision of the commissioner in the proceeding for the removal of the defendant

from this district to the Eastern District of New York. If, for any reason, the commissioner should decide in the first proceeding that the petitioner should not be removed, then it would be the duty of the marshal to arrest him and hold him under the warrant in the second proceeding; but, until the first proceeding is determined, I think that' no other arrest can be permitted. As is stated in Taylor v. Taintor, 16 Wall. 370, 21 L. Ed. 287:

"It is a principle of universal jurisprudence that, where jurisdiction has attached to person or thing, it is—unless there is some provision to the contrary—exclusive in effect until it has wrought its function."

If it was the duty of the marshal to arrest him under the second warrant, it would be his duty to carry out the decision on the second warrant, as it is his duty to carry out the decision on the first warrant. If the two proceedings resulted in an order for the removal of the defendant in the one case to the Eastern District of New York for trial, and in the other case to the District of Columbia for trial, it is obvious that no such orders could be complied with at the same time. The only possible rule is that a court which has in its custody a person charged with a crime has exclusive custody and jurisdiction until the question of his guilt or innocence is determined, and, if he is found guilty, until the period of imprisonment has expired. Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Matter of Troutman, 24 N. J. Law, 634; Matter of Briscoe, 51 How. Prac. 422.

My conclusion is that the arrest under the second warrant issued by the commissioner should be vacated.