## CRITTENDEN v. BARKIN.

(District Court, S. D. New York. November 7, 1921.)

1. **Courts ⊂⇒344—Privilege of attending witness determined in federal court by law of state court attended.**

The privilege from process of an attending witness is not the witness', but to secure prompt administration in the court attended, and the federal courts will not apply a rule affording the prosecution attended in a state court a greater protection than the courts of that state regard as necessary; so that, where defendant in an indictment in the New York state court had pleaded and been released on bail, and, the prosecution coming on for trial, had come to New York from his residence in Iowa, to attend upon it and in discharge of his bail, and while in New York a subpœna from the United States court to attend before a notary and be examined under Rev. St. § 863 (Comp. St. § 1472), was served on him after an adjournment of court, but before termination of trial, he could not object, on rule nisi to enforce the subpœna, that he was privileged because of his attendance at the trial, although this is the rule of the federal courts, for the New York rule, that such a witness is not privileged, would apply.

2. **Witnesses ⊂⇒29—Nonresident, subpœnaed in district, allowed mileage only from place where temporarily sojourning.**

Nonresident witness, while temporarily within the district, subpœnaed for examination under Rev. St. § 863 (Comp. St. § 1472), is entitled to mileage only from the place where he is temporarily sojourning, and not from the place of his residence.

At Law. Action by William J. Crittenden against Samuel Barkin (the name "Samuel" being fictitious, the real first name of the defendant being unknown to plaintiff). On rule nisi to compel witness to attend examination. Motion granted.

The witness was the defendant in an indictment in the state court, had pleaded, and had been released on bail. His residence was Des Moines, Iowa, and the prosecution coming on for trial he came from there to New York to attend upon it and in discharge of his bail. While here a subpœna was served upon him after an adjournment of court, but before the termination of the trial. The service was in all respects regular, but the fees offered and refused by him were $1.50 attendance fee and 25 cents mileage. The witness resists, urging two objections: First, that he is privileged because of his attendance at the trial; second, because the mileage tendered was not enough.

John B. Doyle and A. Gordon Murray, both of New York City, for the motion.

William J. Fallon, of New York City, opposed

LEARNED HAND, District Judge (after stating the facts as above). [1] The rule in New York favors the petitioner. Netograph, etc., Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886. The rule in the federal courts is otherwise. U. S. v. Bridgman, Fed. Cas. No. 14,645; Kaufman v. Garner (C. C.) 173 Fed. 550, 554; Feister v. Hulick (D. C.) 228 Fed. 821; Church v. Church, 270 Fed. 361, 50 App. D. C. 239. I attach no importance to the fact that, except in Feister v. Hulick, supra, the defendant in the indictment was not yet on bail, but attended to plead. He could have been involuntarily removed to the place of trial, if he had

refused, and this quite as involuntarily as though his bail had arrested him and delivered him to the court.

However, the question, though, of course, not one of New York law, depends upon what the New York courts regard as necessary protection to their own prosecutions. Had the respondent here been under indictment in this court, I should have quashed the writ, yet it would be absurd to do so in protection of a criminal prosecution in a New York court, when a subpœna out of a civil court of that state would have stood. The privilege is not the witness's, but to secure prompt administration in the court in which the first proceeding arises. Hence the first point is not good in the case at bar.

[2] On the second point it is strangely hard to find any law. In The Sunnyside, 5 Ben. 162,[1] Judge Benedict, without discussion, refused to tax any mileage in such a case. In Re Addis (D. C.) 28 Fed. 794, Judge Simonton, allowed mileage to a foreign witness who was subpœnaed, though already on bail under an indictment, but it did not appear that the subpœna was served within the jurisdiction. Chief Justice Savage of the New York Supreme Court ruled as Judge Benedict in Bank of Niagara v. Austin, 6 Wend. (N. Y.) 548.

The statute (Rev. St. § 863 [Comp. St. § 1472]) cannot, of course, mean that a foreign witness shall be allowed his mileage from the place of his residence, if that be more than 100 miles away because the result would be preposterous. For example, a witness from England or California would receive $300 mileage, which would be far more than compensation for any actual expenses of traveling, if he were already within the jurisdiction. Indeed, even though a witness has traveled more than 100 miles to the place of trial, the party calling him may only tax mileage for that distance. The statute clearly supposes that witnesses will be subpœnaed at their place of residence, and has not provided for service while they are temporarily within the district. I think that the simple rule is to interpret it in such cases as meaning that they shall have mileage from the place where they are temporarily sojourning. While this conceivably might operate harshly in protracted cases, it must be a rare one in which they will be caught and held here long. And in any case a witness from within the district may be obliged to subsist himself for days at the attendance charge of $1.50. His mileage covers only the actual traveling expenses.

The motion is granted.