## ADAMY v. PARKHURST.

### No. 6215.

Circuit Court of Appeals, Sixth Circuit.

Oct. 31, 1932.

T. F. McAllister, of Grand Rapids, Mich. (McAllister & McAllister, of Grand Rapids, Mich., on the brief), for appellant.

R. B. Savidge, of Reed City, Mich., for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

For many years prior to September, 1930, appellee Parkhurst had been a resident of Reed City, Mich. During that month, however, he departed for the state of California with the intent and purpose of making his home there. About a year later he was indicted in the Western District of Michigan for violation of the federal bank-

ing laws, and in November, 1931, he was removed from California to Michigan to answer to such indictment. Shortly after his arrival in Michigan, that is, on December 2, 1931, he secured bail and gave bond for his subsequent appearance. The record is not clear whether he was enlarged upon bond to appear "on the *first day of the March, 1932, Term* * * * and from day to day * * * thereafter as ordered," or to "be and appear *at this term of court* * * * and from day to day and from time to time thereafter," but we shall assume that the condition of the bond was as first above stated. He thereafter remained in Michigan until January 25, 1932, on which day he was served with summons in a civil action in the United States District Court for the Western District of Michigan, and the validity of this service presents the only question raised by the present appeal.

It is conceded that had service been made while the appellee was in actual custody, while he was on his way to attend court and plead to the indictment, whether he was appearing voluntarily or under compulsion, or after such appearance, but before the expiration of a reasonable time for his return to California, such service would have been invalid. Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192; Kaufman v. Garner, 173 F. 550 (C. C., Ky.); Church v. Church, 50 App. D. C. 239, 270 F. 361, 14 A. L. R. 769; Crittenden v. Barkin, 276 F. 978 (D. C. N. Y.); Bramwell v. Owen, 276 F. 36 (D. C., Or.). This in effect also concedes an actual and bona fide change of domicile in 1930. But, it is contended, the exemption from arrest or service of process expired with the expiration of a reasonable time to return to the state of his domicile and that such reasonable time had already expired when the service was made.

We do not consider it necessary to determine whether in view of the long distance between Michigan and California, the expense incident to repeated journeys of this length, the comparatively short time before the contemplated day of hearing, and the financial condition of the appellee, his failure to at once leave the jurisdiction of the court could rightly be considered unreasonable. It is also unnecessary to decide whether under the terms of the recognizance the appellee was free to leave the jurisdiction of the court without permission. "When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment." Taylor v. Taintor, 16 Wall. 366, 371,

21 L. Ed. 287. During his presence within the state, after the giving of bond but before the day set for trial, he was still subject to the custody and authority of the court to answer to the offense for which he had been removed. Cosgrove v. Winney, 174 U. S. 64, 69, 19 S. Ct. 598, 43 L. Ed. 897. Cf. Mackenzie v. Barrett, 141 F. 964, 5 Ann. Cas. 551 (C. C. A. 7); In re Beavers, 125 F. 988 (D. C., N. Y.); Ewing v. U. S., 240 F. 241, 252 (C. C. A. 6); Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886. Until the indictment is disposed of and the prisoner is discharged he is constructively in custody of the law, and not until the happening of that event is he required to depart for the state of his domicile within a reasonable time or be deprived of his privilege to exemption from service of process.

Affirmed.