[No. 13658.   Department One.   November 17, 1916.]

FRANK GROUNDWATER, *Respondent*, v. JOHN H. TOWN,
*Appellant*.[1]

PROCESS—PRIVILEGE—NONRESIDENTS—ATTENDANCE AT COURT—REA-
SONABLE TIME.  Immunity of a nonresident from the service of sum-
mons, claimed by him on the ground that he was temporarily in this
state for the purpose of attending upon, and redeeming property
from, an execution sale, is not established where it appears that
no redemption was made while he was in the state, and that he
spent twenty-four days in the state arranging a trade of his prop-
erty and remained in the state at least twenty-four hours after his
business was concluded before starting to return; since more than
a reasonable time elapsed without offering excusatory facts or cir-
cumstances.

Appeal from a judgment of the superior court for Grays
Harbor county, Irwin, J., entered January 15, 1916, in favor
of the plaintiff, upon overruling a motion to quash the serv-
ice of summons, in an action on a promissory note.  Affirmed.

*John M. Gleeson* and *A. G. Gray*, for appellant.

*A. M. Abel*, for respondent.

ELLIS, J.—This action was brought upon a promissory
note for $1,660, in the superior court of the state of Wash-
ington for Chehalis, now Grays Harbor, county, where
plaintiff resides.  The note was executed by defendant, who
is a resident of the state of Montana.  The summons and
complaint were served upon defendant personally on March
26, 1915, at Spokane, Washington, while he was temporarily
in this state.  He appeared specially and moved to quash the
service.  The affidavits in support of his motion stated, in
substance, that, at the time of service, he was in this state
for the purpose of "settling and disposing of" an action in
the superior court of the state of Washington for King
county in which he was a defendant; that, in 1914, that

[1]Reported in 160 Pac. 1055.

action was commenced to foreclose a mortgage upon certain lands owned by him in that county, and resulted in a sheriff's sale of the land under a decree of that court; that, on March 2, 1915, he came from his home in the state of Montana to Seattle, Washington, for the purpose of making redemption from that sale and for the purpose of advising with his counsel and, if necessary, for the purpose of testifying before the sheriff of King county or in the superior court for King county in making such redemption; that he finally succeeded in making such redemption, paying part of the sum necessary in cash and part by a trade, and was thereby relieved from the necessity of testifying either before the sheriff or in court; that he immediately left King county and started for his home in Montana, and while in transit at the depot in Spokane on March 26, 1915, the attempted service was made upon him. His answers to interrogatories propounded by plaintiff, however, disclose the fact that he employed no counsel, gave no notice of redemption, did not appear before the sheriff or the court, did not in fact redeem the land from the sheriff's sale, and that what he calls redemption was in fact an exchange with one Peavey of his right of redemption and $2,000 in money for certain lands in Montana owned by Peavey. The deed from defendant to Peavey was acknowledged on March 22 and was delivered to Peavey on March 23, 1915. The deed of the Montana lands from Peavey to defendant was acknowledged March 19 and was delivered to the defendant on the afternoon of March 24, 1915. Defendant did not leave Seattle until the next day between eight and nine o'clock in the evening. There is no showing that the King county land was ever by any one redeemed from the foreclosure sale. On the contrary, plaintiff produced an affidavit of the deputy clerk of King county to the effect that the sheriff's sale of that land was made on March 30, 1914, that the sale was confirmed on April 18, 1914, and that up to May 27, 1915, the date of the affidavit, no proceeding to re-

deem had ever been returned to the superior court of King county in the case in question.

Upon this showing the trial court overruled the motion to quash. Defendant refused to plead further, and judgment upon the note was entered against him. Still preserving his special appearance, he prosecutes this appeal.

We shall assume, without so deciding, that a suitor or a witness from another state is entitled to immunity from service of process while in attendance upon court in this state and for a reasonable time in coming from and returning to the state of his domicile. This court has never so decided, but decisions from many other jurisdictions so holding have been cited. We shall also assume, without so deciding, that a proceeding to redeem from a sale on execution pursuant to § 599 of Rem. 1915 Code, is such a proceeding as to entitle a nonresident redemptioner to immunity under the assumed general rule while actually engaged in redeeming and for a reasonable time in coming from and returning to the state of his domicile, though no decision from any jurisdiction so holding has been cited. We shall further assume, without so deciding, that the supposed immunity of a nonresident redemptioner would cover all of the time necessary to give notice of his intention to redeem, as well as the actual time necessary to make the redemption. The statute, § 599 *supra,* requires five days' notice.

But even assuming all of these things, appellant's showing falls far short of entitling him to the immunity which he claims. He gave no notice of an intention to redeem, he instituted no proceeding to redeem, he employed no counsel, he did not redeem. It affirmatively appears that, at least during the time he was in this state, there was no redemption by any one. Apparently he abandoned that purpose and spent some twenty-four days in this state arranging a trade of his equity of redemption in the King county lands for lands in Montana. His showing no more entitles him to an immunity from service of process than if he had employed his time while

in this state in negotiating for the sale of any other property or property rights which he might have possessed. Had he been prepared to redeem when he came into this state, it, is obvious that he could have accomplished that purpose, including the time necessary for giving the notice, within six or seven days at the outside. He made no showing that there was any obstruction, either actual or anticipated, by any one to the exercise of his right to redeem, or that that right was ever questioned. He made no showing that, for this or any other reason, he was delayed in the exercise of that right. For the purpose of this decision, we have assumed the law to be more broadly in appellant's favor than it has been declared by any court to which our attention has been called, but we cannot assume facts which he has wholly failed to show. Moreover, even if we assume that his trade was a redemption, he remained in this state for a day after the trade was consummated and the deeds exchanged. His own showing indicates that the regular train from Seattle to Spokane left Seattle between eight and nine o'clock in the evening. No excuse is given or suggested why he did not take that train on the evening of March 24 instead of waiting until the evening of the following day. Even indulging his own theory, he was in this state for at least one whole day longer than was reasonably necessary, or necessary at all, to the accomplishment of the purpose which he invokes as the sole ground of immunity. It is universally held that what is a reasonable time is a question of fact dependent upon the circumstances of the given case. Appellant has admitted the delay but has offered no excusatory facts or circumstances. The purpose of the rule of immunity wherever it prevails is to prevent obstructions to the administration of justice. It should not be so extended and perverted as in itself to be available as an obstruction to justice.

The judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and CHADWICK, JJ., concur.