[No. 21162. Department Two. July 9, 1928.]

JOSEPH O. HUSBY et al., Appellants, v. HAROLD EMMONS, Respondent.[1]

[1] PROCESS (4-1)—PERSONS SUBJECT TO SERVICE—NON-RESIDENTS. A non-resident, voluntarily in this state for his own pleasure, who injures some one in this state, is not immune from civil process because he is, at the time of service, detained as a witness or on a criminal charge in connection with the accident giving rise to the action against him.

Appeal from an order of the superior court for King county, Frater, J., dismissing an action for wrongful death upon sustaining a motion for quashal of service of summons. Reversed.

*Farrell, Meier & Meagher,* and *Tom Emory De Wolfe,* for appellants.

*Bausman, Oldham & Eggerman,* for respondent.

BEALS, J.—On September 23, 1927, the defendant, Harold Emmons, left his home in Portland, Oregon, and proceeded to Seattle, Washington, for the purpose of visiting his sister, who was a resident of that city, intending to return to his home on Monday, September 26th. On the evening of Saturday, September 24, 1927, defendant, in operating an automobile in the city of Seattle, collided with an automobile driven by one

[1]Reported in 268 Pac. 886.

Kenneth D. Otis, with the result that the car driven by Emmons struck Alma H. Husby, who was then standing upon a near-by sidewalk, inflicting upon her injuries which almost immediately caused her death. After the accident, a member of the police force of the city of Seattle took defendant in custody, he in a few hours being permitted to go on his own recognizance, upon agreeing to remain in Seattle until after the coroner's inquest, which was to be held on Tuesday, September 27th. The defendant kept his word and remained in Seattle until after the inquest, when he was informed by the prosecuting attorney that he could consider himself released from custody and free to depart.

On the Monday prior to the inquest, defendant, pursuant to instructions from the prosecuting attorney, reported to the coroner and there accepted service of a verbal subpoena to attend the inquest to be held the next day. While in attendance at the inquest, under the circumstances above narrated, before testifying and before being discharged from custody, Emmons was served with the summons in this action which is brought against him and Kenneth D. Otis jointly for the purpose of recovering damages for the death of Mrs. Husby. The foregoing facts appear from plaintiff's complaint or from the affidavit of defendant, and for the purposes of this appeal are assumed to be true.

The defendant appeared in the action specially and moved to quash the service of summons, basing his motion upon the files and the records of the cause and upon his affidavit stating certain of the facts above set forth. The trial court, being of the opinion that the undisputed facts showed that the defendant Emmons was, on the day he was served with the summons in this action, entitled to immunity from service of civil process in the state of Washington by reason of the

fact that he was then held in this state under constraint and was attending the coroner's inquest as a witness, sustained the motion to quash and entered an order dismissing the defendant Harold Emmons from the action. To the entry of this order, plaintiff excepted and from it appeals to this court.

[1] Respondent contends that, because he was a resident of the state of Oregon and was, on the day he was served with process in this action, in the state of Washington under arrest as suspect of having been guilty of an offense and was waiting to testify as a witness before the coroner, he having been regularly subpoenaed to attend the inquest, he was entitled to immunity from service of civil process, and that the courts of Washington could not, during the time he was so detained in this state, over his objection properly presented, obtain jurisdiction over him by service of a summons in a civil action.

This precise question has not been determined in this state. In the case of *Groundwater v. Town,* 93 Wash. 384, 160 Pac. 1055, this court upheld the jurisdiction of the superior court in a civil action, obtained by service of summons upon a resident of the state of Montana, who was temporarily in the state of Washington, to settle, as he claimed, a matter in connection with the redemption of certain of his property which had been sold under execution issued out of the superior court. It was held that, even assuming that the business of the defendant in the state of Washington was such as to entitle him to immunity during his stay, it was evident that he had remained here longer than was reasonably necessary for the accomplishment of his purpose, and, the delay being unexplained, he was not entitled to immunity under the circumstances shown.

In the later case of *State ex rel. Gunn v. Superior Court,* 111 Wash. 187, 189 Pac. 1016, this court, sitting *En Banc,* in a five to four decision, held that a resident of Nevada, coming to the state of Washington to defend a civil action pending against her in the courts of this state, was immune from service of process made upon her in a new suit upon the same cause of action which she had come here to defend, plaintiffs in that action having taken a voluntary nonsuit upon the case being called for trial. The majority opinion calls attention to the fact that there exist two lines of authority upon the question then before the court for consideration, and this court elected to follow the majority rule, holding that, under the facts as they appeared in the case then to be decided, the service of process was not good and should be quashed. The court expressly reserved the question as to the immunity of a person concerned in a criminal proceeding, stating (p. 189): "We are not concerned here with the privilege existing in criminal actions . . . .;" and for that reason the case is not controlling here. . . . . . . . . 

The question of immunity from service of civil process under circumstances approximating the conditions now before us has been before the courts of many jurisdictions, and the different rules which have been laid down to fit particular cases are extremely confusing and cannot be reconciled. The court of appeals of New York, in the case of *Netograph Mfg. Co. v. Scrugham,* 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, referring to this question, says:

"Volumes of opinions have been written in which one can find all sorts of conflicting decisions and almost any dictum that one may be looking for. The ease with which the writer of an opinion upon even the simplest phase of this subject could drift into a general

dissertation upon it is nicely illustrated in the voluminous note to *Mullen v. Sanborn,* (a Maryland case reported in 25 L. R. A. 721), where the industrious author has gathered the cases from almost every state in the Union and from England.''

In the New York case, the defendant, a resident of Ohio, went voluntarily to New York, and, while there, was arrested on a criminal charge. He returned to his home and later went back to New York to be present at his trial, which resulted in his acquittal. At nine o'clock on the following morning, he was served personally with the summons and complaint in a civil action which had nothing whatever to do with the criminal charge upon which he had been arrested. The court expressly found that the defendant's stay in New York, after his acquittal, was for a particular and appropriate purpose and not unreasonable in duration. The court held the service of process good and that the rule allowing immunity in certain cases did not extend to a criminal case ''when a suitor or witness is brought into the jurisdiction of the court while under arrest or other compulsion of law.'' The court further held that there was no distinction between cases where the accused was actually in custody and cases when he was at large under bail. In the note to this case contained in 27 L. R. A., *supra,* the authorities for and against the rule adopted by the New York court of appeals are collected and discussed, and the doctrine laid down by the court is approved.

The supreme court of North Dakota in *In re Hendersen,* 27 N. D. 155, 145 N. W. 574, 51 L. R. A. (N. S.) 328, held that service of process in a civil action, made while the defendant, a resident of Minnesota, was present in North Daktoa for the purpose of defending a criminal charge upon which he had been arrested and admitted to bail, was good. The court assumes

that, had the defendant been in North Dakota as a witness or suitor before the civil courts of the state, he would, upon his claim of privilege, have been exempt from service in a civil suit, the court relying upon the distinction drawn by many courts between cases in which a party is present in the foreign jurisdiction in response to or in resisting some criminal process or proceeding and cases where the person sought to be subjected to such process is present in such jurisdiction as a witness or a party to a civil action.

The following authorities also support the New York rule: *Moore v. Green,* 73 N. C. 394, 21 Am. Rep. 470; *Wood v. Boyle,* 177 Pa. St. 620, 35 Atl. 853, 55 Am. St. 747; *In re Walker,* 61 Neb. 803, 86 N. W. 510; *Ryan v. Ebecke,* 102 Conn. 12, 128 Atl. 14; *Reid v. Ham,* 54 Minn. 305, 56 N. W. 35; *White v. Underwood,* 125 N. C. 25, 74 Am. St. 630.

Respondent relies upon many cases, most of which are cited in the case of *State ex rel. Gunn v. Superior Court, supra,* and lays special emphasis upon the case of *Feister v. Hulick,* 228 Fed. 821, which case and the case at bar are almost identical as to facts. The United States district judge who wrote the opinion held the service of process bad, finding that, under the rule laid down by many United States courts, the service of process made upon the defendant was subject to his motion to quash the same. The learned judge expressly called attention to the fact that some states, including the state of Pennsylvania, in which state the particular case then before him arose, recognized the distinction between the immunity allowed persons present in a foreign jurisdiction in connection with civil actions and those in attendance upon criminal proceedings, but held that this distinction had been repudiated by the United States courts.

The foregoing opinion was quoted with approval by
Judge Wolverton of the United States district court
for the district of Oregon in the case of *Bramwell v.
Owen*, 276 Fed. 36, in which case the learned district
judge held squarely that the rule of immunity was ap-
plicable even in cases where the defendant was brought
into the foreign jurisdiction by extradition proceed-
ings to answer a criminal action.

In the case of *Stewart v. Ramsay*, 242 U. S. 128, 61
L. Ed. 192, the supreme court of the United States
held that a resident of Colorado, while an attendant
as party litigant in a civil action pending before the
United States district court for the northern district
of Illinois, was immune from service of civil process
in another action pending before the same court.   In
this case, the court lays down the principle which was
followed by this court in the case of *State ex rel. Gunn
v. Superior Court, supra*, but, in our opinion, the case
is not authority for respondent's position in the case
at bar.

Other cases are cited by respondent which un-
doubtedly sustain his contention, but we feel that the
weight of authority and the better reasoning are with
those cases which hold that, when a person is present
in a foreign jurisdiction by reason of arrest or deten-
tion in, or in connection with, some criminal proceed-
ing, the rule of immunity from service of civil process
does not apply; and this rule, we think, must logically
be held to extend to a case such as this where a non-
resident of the state of Washington is held in tenta-
tive custody and as a witness whose presence is re-
quired at a coroner's inquest summoned to investigate
an accident to which he himself was one of the contrib-
uting causes.   Whether or not the non-resident is actu-
ally confined in jail, or has been released on bail, or is

at liberty upon his personal recognizance, is immaterial, as in either event he is in custody until properly discharged by competent authority, and his attendance is not voluntary, but is required by the state authorities in the exercise of their law-enforcing jurisdiction.

In case a resident of one state voluntarily and for his own personal pleasure or profit goes into another jurisdiction and there injures some resident of that jurisdiction, for which injuries recovery is sought against him in an action brought in the state where the injuries were suffered, in which action process is served upon him, it seems unreasonable and illogical to contend that he is exempt from service of process because, when the same was served upon him, he was under arrest, tentatively charged with an offense growing out of the accident which is the basis of the action for damages, or even merely under subpoena to attend a coroner's inquest called to investigate the accident in which he was one of the unfortunate participants.

We do not care to extend the rule allowing immunity in certain cases as laid down by this court in *State ex rel. Gunn v. Superior Court, supra,* and we believe that to affirm the judgment of the superior court in this case would be to unreasonably extend such rule, in opposition to the weight of authority and against sound reason, which should, wherever consistent with law, lead courts to uphold the right to the trial of an action for damages in the forum of the place where the damages were suffered, and where, presumably, more complete justice may be done to all parties concerned by reason of the presence of witnesses and the ease with which court and jury may view the locality where the injuries occurred.

The order appealed from is reversed, with instruc-

tions to overrule the motion to quash interposed by the defendant Emmons.

Fullerton, C. J., Holcomb, Main, and Askren, JJ., concur.