From Otto Herbst, Erie, Pa.

## Blair v. Fields

*Robert J. Firman*, for plaintiff; *Brooks, Curtze & Silin*, for defendant.

HIRT, J., March 20, 1934.—This matter is before the court on a rule to quash a capias ad respondendum, on the ground that defendant was privileged from arrest.

Defendant, a resident of New York State, was involved in an automobile accident in which two persons were killed and attended the coroner's inquest held in North East, in this county. His attendance there was compulsory, and he had given bail for his appearance. After the hearing but before the coroner's jury had reported its findings, he was served with a capias ad respondendum. He accompanied the sheriff to Erie and was in the custody of the sheriff until the evening of the same day, when he furnished bond and was released. By giving bail in the civil action, defendant cannot be regarded as having waived his privilege: United States v. Edme, 9 S. & R. 147.

While there is lack of uniformity in the decisions of the courts, yet certainly, in Pennsylvania, it is the rule that a defendant in a criminal case is not privileged from arrest on civil process while attending court to answer a criminal charge: Wood v. Boyle, 177 Pa. 620. In holding an inquest, a coroner acts in a judicial capacity; the object of the inquest is to seek evidence in case of death by violence where the cause of death is of a suspicious nature: Lancaster County v. Mishler, 100 Pa. 624; Act of April 16, 1907, P. L. 92. The proceeding is criminal in its nature, though only an ex parte investigation for the purpose of aiding in the administration of the criminal laws of the State where there is suspicion that a homicide has been committed: 13 C. J. 1245.

Defendant was something more than a witness subpœnaed by the coroner. He was involved in the automobile accident causing death, under investigation, and therefore, though the proceedings before the coroner's jury are but an investigation and the rights and liabilities of no one are determined, yet in this instance their inquiry was directed against this defendant. He was an unnamed party to an investigation of a death by violence, his attendance was compulsory, and,

since he was obliged to attend in a proceeding criminal in its nature, we are of the opinion that the rule in Wood v. Boyle, supra, applies, and defendant was not privileged from arrest on a capias in a civil case after the hearing before the coroner.

We are unable to find Pennsylvania authority directly bearing upon the facts presented here. Husby v. Emmons, 148 Wash. 333, 268 Pac. 886, is a case parallel in many respects with the case at bar. It was there held that service of a summons in a civil action, against a nonresident taken into custody in connection with an automobile accident and detained in the State under his own recognizance for an appearance at a coroner's inquest, is effectual. Other cases to the same effect are noted in 59 A. L. R. 51.

And now, to wit, March 20, 1934, the rule granted November 27, 1933, on defendant's petition to set aside and quash the service of the capias ad respondendum, is discharged.   From Otto Herbst, Erie, Pa.