[No. 26123. Department One. May 25, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Alexander-Coplin & Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, JAMES T. LAWLER, JUDGE, *Respondent.*[1]

*Hamlet P. Dodd* and *Thomas E. Meade,* for relators.
*Clarence J. Coleman, Mifflin & Mifflin,* and *Dills & Broenkow,* for respondent.

STEINERT, J.—Relators filed a petition in this court for a writ of prohibition to prevent the superior court of King county from proceeding further with a cause pending before it. Based upon the petition, an order to show cause directed to the lower court was issued. In due time, the court made a return to the order. The matter is now before us on the petition with accompanying exhibits and the return.

The facts are these: On or about December 1, 1933, one David G. Bennie, as plaintiff, brought an action in the superior court of King county against all the relators herein and certain other persons to recover

[1]Reported in 57 P. (2d) 1262.

damages for fraud in the sale and manipulation of certain corporate stocks. The complaint alleged that the defendants in the action [relators here] had entered into a conspiracy among themselves to foist upon the public, and particularly upon the plaintiff, at grossly excessive prices, certain mining stock owned by defendants; that, in pursuance of such conspiracy, defendants had established brokerage houses in various cities throughout the United States, including the city of Seattle; that they had effectually consummated the designs of the conspiracy through fraudulent misrepresentations made to the public, including plaintiff, concerning their methods of doing business and the services to be rendered by them as security brokers; that, by such means, defendants had induced plaintiff to purchase a large amount of the mining stock at defendants' Seattle office, resulting in a loss to plaintiff of $42,500; and that, after the fraud had been fully perpetrated, defendants closed their offices in Seattle and decamped.

At the time of the commencement of that action, none of the relators herein were residents of, or were doing business in, this state.

It further appears that, some months before the commencement of the superior court action, the relators had been charged by a Federal grand jury, sitting at Seattle, with an offense, or offenses, growing out of the general subject matter involved in the civil action just referred to. After service of Federal warrants upon them, relators gave bond for their appearance. Trial in the criminal action was held in the United States district court at Seattle, beginning September 3, 1935, and lasting until December 25, 1935. While that trial was in progress, and while relators were in attendance thereon, they were served with

summons and complaint in the civil action brought by Bennie.

The relators made special appearance in the superior court and moved to quash the service of process upon them, on the grounds that they were nonresidents of Washington; that, at the time of the service upon them, they were not in Seattle voluntarily but solely because of the trial in which they were defendants, in response to Federal warrants, and that they had never abandoned their residences in other states. The court denied the motion, and it is this ruling that is complained of in the petition before us.

The question presented to us for determination is whether or not the relators, during the time that they were in attendance as defendants on trial in the criminal action pending in the Federal court, were entitled to immunity from service of process issuing from a state court in a civil action brought therein against them.

We shall first answer the question and then give our reasons. The relators were not entitled to immunity from service of such process.

There are few questions in the entire field of law that are more provocative of argument and more illustrative of differences in judicial opinion than the question of the validity of service of process upon nonresidents temporarily within a particular state. In *Netograph Manufacturing Co. v. Scrugham,* 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. 886, where the same question arose under facts very similar to those before us here, the court said:

"This question, based upon the undisputed facts of this record, is very narrow, but it relates to a subject which has for centuries engaged the attention of common-law courts under every conceivable variety of circumstances. Volumes of opinions have been written in which one can find all sorts of conflicting de-

cisions and almost any dictum that one may be looking for. The ease with which the writer of an opinion upon even the simplest phase of this subject could drift into a general dissertation upon it is nicely illustrated in the voluminous note to *Mullin v. Sanborn* (a Maryland case reported in 25 L. R. A. 721), where the industrious author has gathered the cases from almost every state in the Union and from England."

The court held against the exemption from service of process.

It is unnecessary for us to review the many conflicting cases or add to the existing conflict by further dissertation thereon. There are two cases from this jurisdiction which discuss the subject at length, with ample citation and analysis of the authorities, and which, taken together, prescribe a set of rules sufficient to dispose of the general run of cases involving this particular question. *State ex rel. Gunn v. Superior Court,* 111 Wash. 187, 189 Pac. 1016; *Husby v. Emmons,* 148 Wash. 333, 268 Pac. 886, 59 A. L. R. 46.

In the *Gunn* case, it was held that a nonresident litigant, who comes to this state solely for the purpose of defending a suit in which he is named as defendant, is privileged from service of process in a new suit while he is temporarily in the state defending the pending action. In that case, however, the pending action and the new suit were both civil actions of a transitory nature.

In the *Husby* case, after discussing many decisions, it was concluded that the weight of authority and the better reasoning were with those cases which hold that, when a person is present in a foreign jurisdiction by reason of arrest or detention in, or in connection with, some criminal proceeding, the rule of immunity does not apply.

That case is very close to this in point of fact, and the opinion draws a clear distinction between those

cases in which a party is present in a foreign jurisdiction in response to, or in resisting, some criminal process or proceeding, and those cases in which the person sought to be subjected to such process is present in the foreign jurisdiction as a witness or a party to a civil action. Inasmuch as the case is so directly in point, we take the liberty of quoting at some length from the opinion.

"In case a resident of one state voluntarily and for his own personal pleasure or profit goes into another jurisdiction and there injures some resident of that jurisdiction, for which injuries recovery is sought against him in an action brought in the state where the injuries were suffered, in which action process is served upon him, it seems unreasonable and illogical to contend that he is exempt from service of process because, when the same was served upon him, he was under arrest, tentatively charged with an offense growing out of the accident which is the basis of the action for damages, or even merely under subpoena to attend a coroner's inquest called to investigate the accident in which he was one of the unfortunate participants.

"We do not care to extend the rule allowing immunity in certain cases as laid down by this court in *State ex rel. Gunn v. Superior Court, supra,* [111 Wash. 187, 189 Pac. 1016], and we believe that to affirm the judgment of the superior court in this case would be to unreasonably extend such rule, in opposition to the weight of authority and against sound reason, which should, wherever consistent with law, lead courts to uphold the right to the trial of an action for damages in the forum of the place where the damages were suffered, and where, presumably, more complete justice may be done to all parties concerned by reason of the presence of witnesses and the ease with which court and jury may view the locality where the injuries occurred."

This language is most persuasive in its application to the facts before us. The relators came to this state

for their own personal profit. In the conduct of their business, according to the complaint, they perpetrated a fraud upon a resident of this state causing him great financial loss. The action brought against the relators is in the forum of the state and county where the damages were suffered, and, presumably, complete justice will more nearly be effected in that forum, because of the availability of witnesses and the greater certainty of presenting to a jury all the facts inherent in the case.

The two cases from this jurisdiction, to which we have just referred, establish a rule which discriminates between service of process upon a nonresident temporarily within this state as a suitor or witness in a civil case, and service upon a nonresident temporarily herein as a defendant in a criminal action. The case before us falls within the second category and is controlled by the *Husby* case.

The petition for writ of prohibition is denied.

MAIN and GERAGHTY, JJ., concur.

MILLARD, C. J., and MITCHELL, J., concur in the result.