[No. 32207. Department Two. October 30, 1952.]

THOMAS C. McKINNEY, *Plaintiff*, v. NORTHWEST TRACTOR AND EQUIPMENT CORPORATION, *Defendant and Relator.*[1]

*Ferguson & Burdell* (*W. Wesselhoeft,* of counsel), for relator.

*Miracle, Treadwell & Pruzan,* for plaintiff.

PER CURIAM.—This is a review by certiorari of an order refusing to quash the service of summons on defendant Northwest Tractor and Equipment (Philippine Corporation, a Philippine corporation). It is conceded that summons in this action was delivered to Bernard C. Campbell, as president of that corporation, at his hotel in Seattle on July 24, 1951.

The defendant corporation appeared specially and moved to quash the service upon it on three grounds, two of which merit consideration here: (1) that it is a foreign corporation and is not qualified to do business in the state of Washington and does not do business therein; and (2) that Bernard C. Campbell, a resident of the Philippine Islands, was in the state of Washington for the purpose of attending, and appearing as a witness in, the trial of an action in the United States district court for the western district of Washington, northern division, and was immune from the service of process during the time he was attending the trial of

[1] Reported in 249 P. (2d) 401.

that action and for a reasonable time in coming from and returning to his place of domicile.

We shall assume, without deciding, that certiorari is available as a means of reviewing the order complained of, although Rule on Appeal 33 (1), 34A Wn. (2d) 33, provides for "an appeal from any order other than a final order."

We shall likewise assume, without deciding, that a suitor or a witness from another state (or country) is entitled to immunity from service of process while in attendance upon court in this state and for a reasonable time in coming from and returning to his out-state domicile. (As was done in *Groundwater v. Town*, 93 Wash. 384, 160 Pac. 1055. It is to be noted that the *Groundwater* case was before us not on certiorari but on an appeal from an order refusing to quash the service of summons.)

It is not disputed that the trial in the Federal court which Mr. Campbell was in this state for the purpose of attending, was finished on or about July 18, 1951, and that he was served with summons as president of the corporation in the present action on July 24, 1951.

It is our view that, in the absence of unusual circumstances, immunity from the service of process is lost by such a delay, *i.e.*, it transgresses the "reasonable time" allowed the litigant or witness for his return to his domicile. No unusual circumstances are suggested in this case beyond the suggestion contained in the affidavit of one Robert L. Brown that during the period Mr. Campbell was in Washington he

". . . was suffering from a back ailment and spent much of his time in bed in his room . . . where he received medical treatment . . . for said ailment."

Mr. Campbell himself makes no claim that his continued stay in the state of Washington was necessary by reason of illness; there is no affidavit by a physician to that effect, and the affidavit of Mr. Brown is not sufficiently explicit to establish that fact.

The basic question of whether the defendant corporation is transacting business in this state is not one that should be

decided on conflicting affidavits. The plaintiff sues for services to the defendant corporation,

" . . . performed at the request of Northwest Tractor and Equipment Corporation, a Washington corporation, acting within the scope and course of its employment, as agent and representative of the defendants [the Philippine corporation]."

Whether or not the Philippine corporation was doing business in this state is dependent upon the existence of the alleged agency relationship and should be determined by the trial court after the details and ramifications of the business relationships of the Philippine corporation and the Washington corporation have been fully explored on the trial of this cause.

The trial court's order of June 11, 1952, denying the motion to quash the service upon the Northwest Tractor and Equipment (Philippine Corporation, a Philippine corporation) is affirmed, but, as heretofore indicated, that order is not to be regarded as *res judicata* of the ultimate fact of whether the Philippine corporation is actually transacting business in the state of Washington.