AMELIA A. FINUCANE, Respondent, *v.* CHARLES G. WARNER, Appellant.

**Non-resident witness — exemption from service of civil process — when privilege forfeited by acts of witness.**

When a non-resident comes into this state for the sole purpose of being sworn as a witness, the privilege of exemption from the service of civil process is extended to him, not merely for his own convenience, but also to enable the courts to properly transact their business. If, however, he comes for the double purpose of attending court and attending to business having no connection with the trial, the privilege does not attach to him. The presumption is that the service is regular.

A non-resident came into this state, as he claimed, solely to be sworn as a witness in a pending litigation. During the progress of the trial he was served with a summons in this action. He remained in this state more than two weeks after its close. On motion to vacate service of process the Special Term found, on conflicting affidavits, and the Appellate

Division affirmed the finding, that the defendant did not come into the state solely for the purpose of becoming a witness. *Held,* that by the concurrent action of the courts below, the questions of fact were settled in plaintiff's favor beyond the power of the Court of Appeals to review. *Finucane* v. *Warner,* 128 App. Div. 911, affirmed.

(Argued January 6, 1909; decided January 26, 1909.)

APPEAL, by permission, from an order of the Supreme Court in the fourth judicial department, entered October 14, 1908, which affirmed an order of Special Term denying a motion to set aside a service of process upon the defendant.

The facts, so far as material, and the questions certified are stated in the opinion.

*George R. Graves* and *Charles D. Newton* for appellant. The defendant, being a non-resident of the state, was privileged and exempt from the service of legal process while in actual attendance in court upon the trial of another action in which he was a defendant and a witness. (*Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568; *Parker* v. *Marko,* 136 N. Y. 585; *Coke* v. *Haight,* 63 N. Y. Supp. 1043; *Merrill* v. *George,* 23 How. Pr. 331.) The defendant by his acts did not waive his privilege and exemption from service of said summons. (*Lederer* v. *Adams,* 11 N. Y. Supp. 481; 125 N. Y. 748; *Brett* v. *Brown,* 13 Abb. [N. S.] 295.)

*Ernest C. Olney* for respondent. The facts showing that defendant was in this state for other business alone are sufficient to justify the court in affirming the order of the Special Term. (*Marks* v. *Societe Anonyme De L' Union Des Papeteries,* 19 N. Y. Supp. 470; 139 N. Y. 630; *Sanders* v. *Harris,* 14 N. Y. Supp. 37.)

VANN, J. On the 13th of June, 1908, the defendant, formerly a resident of this state, but of late a resident of California, came here for the purpose of attending an Equity Term of the Supreme Court which was to be held on the 22nd of that month at Geneseo, in Livingston county. He alleges that his

11

sole purpose was to be sworn as a witness in his own behalf in an action to be then tried in which he was the defendant and that he had no other business and came for no other reason.

The trial of the action was commenced on the 22nd and ended on the 25th of June, and between those dates, in the presence of his own counsel, the defendant was served with the summons in this action. He remained in this state until Sunday, July 12th, 1908, when he left for California, where he has since remained. He moved to vacate said service as made in violation of his privilege as a witness, on an affidavit made by himself in this state on the 1st of July, 1908, although the notice of motion was not served until the night of July 11th. The motion when heard on the 27th of July was denied, and from the order of the Appellate Division affirming the order of the Special Term, two of the justices dissenting, this appeal was taken. In granting leave to appeal the Appellate Division certified the following questions:

" 1. Was the defendant herein privileged and exempt from the service of summons at the time of said service ?

" 2. Did the defendant by his acts waive his privilege and exemption from service of said summons ? "

In opposition to said motion affidavits were presented. tending to show that the defendant had property in this state, and that while here, when not in attendance at court, he spent his time in transacting business connected therewith and in visiting old friends and acquaintances; that on the 2nd of July, 1908, he commenced an action in the Supreme Court to replevy certain personal property valued at the sum of $2,000; that he swore to the complaint and an affidavit therein on the first of July and furnished an undertaking executed by two sureties; that on July 8th, 9th and 10th he moved said personal property from the house in which it had been kept and stored it in several other places, hiring help for the purpose and himself taking an active part in the removal; that he took away with him certain other chattels and among them two family portraits; that after the motion papers were served, although search was made for him, he

could not be found until Sunday morning; that he stated to one affiant before the trial that he did not come to this state simply to be a witness but also for the purpose of adjusting all matters of difference between himself and the plaintiff, and if he could not effect a settlement to take back to California with him certain heirlooms, keepsakes and other personal property; that he stated to another affiant shortly after his arrival in this state that he came for the purpose of settling everything relating to his affairs.

When a non-resident comes into this state for the sole purpose of being sworn as a witness, the privilege of exemption from the service of civil process is extended to him, not merely for his own convenience but also to enable the courts to properly transact their business. As we have recently said: " It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice." (*Parker* v. *Marco*, 136 N. Y. 585, 589.)   If he comes here for no purpose other than to be a witness, he is protected from the service of process upon him while coming into this jurisdiction, while remaining in attendance at court and while returning home, provided he returns with reasonable dispatch after the trial has ended.   If, however, he comes for the double purpose of attending court and attending to business having no connection with the trial, the privilege does not attach to him.   While what he does and the time he spends here before the service is made is more important than the time spent and the acts done thereafter, still the latter are taken into account as reflecting upon his original intention.

We think the affidavits presented a question of fact as to the purpose for which the defendant came into this state. The presumption is that the service was regular and the burden was upon the defendant to establish that it was not.   His own affidavit, if uncontradicted either specifically or by proof of conflicting circumstances, was sufficient for that purpose, but it was met by opposing affidavits tending to show that he

came here not only to attend the trial but also to transact private business. By the concurrent action of the courts below all the questions of fact have been settled in favor of the plaintiff beyond our power of review. The evidence warranted the conclusion, and we must presume from the record, of which the opinions form no part, that the Special Term found and that the Appellate Division affirmed the finding that the defendant did not come into this state solely for the purpose of becoming a witness. It follows that the order appealed from should be affirmed, with costs; that the first question certified should be answered in the negative, and that the second question should not be answered, since by the answer to the first it has become of no importance.

EDWARD T. BARTLETT, J. (dissenting). I dissent. The trial of the action, in which defendant came into the state of New York from California to testify as a witness, was commenced on the twenty-second and ended on the twenty-fifth of June, and between these dates he was served with a summons in this action. The fact that he remained in this state until July 12th following is not material as to the regularity of service. It was either a good or void service at the moment the summons was handed to the defendant; he had the right to assume that the question presented was the validity of the service at the time it was made. Possibly, under advice of counsel that the service was void, the defendant prolonged his tarry in the state of New York to look after other business interests. The defendant had made a long trip across the continent in order to give his testimony in a pending litigation, and it was quite natural to avail himself of the opportunity to transact other business in this jurisdiction. He could not be legally served with process in this state until a reasonable time had elapsed in which to leave the jurisdiction. The plaintiff in this action, had she desired to make a valid service of the summons on the defendant, should have waited until the latter had been allowed a reasonable time to depart from the state. If the defendant had failed to avail himself of this opportunity

afforded him by the law to depart the jurisdiction, he could then have been validly served with the summons. The plaintiff saw fit to attempt service of a summons at a time when it could not be legally made, and should take the consequences. The irregular service of a summons prematurely served cannot be rendered valid by the mere failure of defendant to leave the state within a reasonable time after the trial.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur with VANN, J.; EDWARD T. BARTLETT, J., reads dissenting opinion.

Order affirmed.