REPUBLIC PRODUCTIONS, INC., a corporation, Republic Pictures Corporation, a corporation, and Hollywood Television Service, Inc., a corporation, Plaintiffs,

v.

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, an unincorporated association; James C. Petrillo; Samuel R. Rosenbaum, as Trustee, C. L. Bagley; Leo Cluesmann; Harry J. Steeper; Herman D. Kenin; George V. Clancy; Stanley Ballard; William J. Harris; W. M. Murdoch; Does 1 to 100, inclusive, Defendants.

United States District Court
S. D. New York.

Jan. 29, 1959.

Rehearing Denied June 25, 1959.

Baer, Marks, Friedman, Berliner & Klein, New York City, for plaintiffs. W. Bernard Richland, New York City, of counsel.

Emanuel L. Gordon, New York City, appearing specially for Leo Cluesmann, Louis Lauer, New York City, of counsel.

FREDERICK van PELT BRYAN, Chief Judge.

.Leo Cluesmann, named as a defendant in this action, moves to quash service of the summons and complaint upon him. The sole ground is that at the time Cluesmann was served he was in. this jurisdiction for the purpose of having his

**332**

deposition taken as a witness in five actions currently pending in the Superior Court of California for the County of Los Angeles, and was therefore exempt from service of process.

The action in this district in which Cluesmann was served is for treble damages allegedly resulting from a conspiracy to violate the anti-trust laws (15 U.S.C.A. §§ 1 and 2) by the American Federation of Musicians and various of its officers. Cluesmann, alleged to be a participant in the conspiracy, is the executive secretary and a member of the Executive Committee of defendant American Federation of Musicians (A. F.M.). The action was originally brought in the United States District Court for the Southern District of California and was transferred to this district pursuant to 28 U.S.C. § 1404(a) by order entered on stipulation of the parties. Only three defendants, A.F.M. and two of its other officers, had been served prior to the transfer.

On the day Cluesmann was served depositions were being taken in the California actions at the House of the Association of the Bar of the City of New York on West 44th Street, in the Borough of Manhattan, pursuant to order of the California court. The American Federation of Musicians, a defendant in the action in this district, was also a defendant in the California actions. The depositions of a number of the officers of A.F.M., including Cluesmann, had originally been ordered by the California court to be taken at their various places of residence. However, by stipulation of counsel for the parties the situs of all the depositions was changed to New York City and a commission to take the depositions was issued by the California court to a New York City notary.

Cluesmann states that on May 2, 1958, the date of service, he was present in New York for the "purpose of having my deposition taken" in the California actions against the A.F.M. "pursuant to an order of the California [court] and stipulation of counsel". He states that

he had begun his testimony at 10:00 a. m., had then gone to lunch, and was served while he was returning from lunch to resume his testimony. He then testified for the remainder of the afternoon of May 2 and completed his testimony the following day when he "returned at once to the State of New Jersey". Cluesmann's own affidavit contains no statement as to his residence or place of business. However, the reply affidavit of his attorney, purporting to be made on personal knowledge, states as a fact that Cluesmann is a resident of New Jersey (presumably Newark), and that "he had come to New York on the day on which plaintiffs attempted to serve him for the sole purpose of having his deposition taken". This affidavit also states that Cluesmann's office as secretary of the A.F.M. is maintained in Newark and that Cluesmann conducts his business as secretary there. The addresses of Cluesmann's place of residence or of his office, and the details of his trip to New York, beyond those related above, are not given.

Counsel for the plaintiffs states by affidavit that the principal office and place of business of the A.F.M. is in New York County and that Cluesmann as secretary and a member of the Executive Board of A.F.M. "carries out his functions and conducts business in the City of New York". The latter is denied by Cluesmann's counsel.

I deem the lengthy discussions by counsel in their affidavits of the history and background of the New York and California litigation of little relevance on the motion before me.

The principles governing the exemption of a non-resident witness from service of process are well settled and of ancient origin. See Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192. Usually they are applied where a defendant has been served while within the jurisdiction as a party or witness in another case then pending in the courts of the same jurisdiction. In such a case the court before whom the motion to quash service is made is called upon to deter-

mine which of two competing interests is entitled to the more weight.

The first such interest is the encouragement of witnesses to come to the jurisdiction in aid of the administration of justice free from fear of vexation or harassment. The second is to allow a plaintiff to serve a defendant promptly so that he may be afforded the opportunity to have his cause heard and determined expeditiously.

■ Thus it has long been held that the exemption from service of process accorded a party or witness is a privilege which belongs to the court and it is "discretionary to grant it on some occasions and to refuse it on others". Starret's Case, 1 Dal. 356; Parker v. Hotchkiss, C.C.E.D.Pa., Fed.Cas.No.10,739; Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720; New England Industries, Inc. v. Margiotti, 270 App.Div. 488, 60 N.Y.S.2d 430.

■ The problem presented here, however, differs from the usual pattern. Here the proceedings for which defendant came to this jurisdiction to testify are not related to an action pending in this court or in the courts of this state but are in aid of actions in the California state courts. It is therefore necessary to ascertain what view the California courts would take of the claimed exemption since the motion must rest upon the premise that service should be quashed as a matter of comity in order to aid the administration of justice in the California state courts. There is no need to quash the subpoena for this reason if the California courts would see no necessity for so doing. Crittenden v. Barkin, D.C.S.D.N.Y., 276 F. 978.

California recognizes the exemption. See Gerard v. Superior Court, 91 Cal. App.2d 549, 205 P.2d 109; Hammons v. Superior Court, 63 Cal.App. 700, 219 P. 1037. Therefore, not because California law applies, but as a matter of comity, the question presented here should be decided in the light of what the California courts would do under the circumstances, and the extent to which the convenience of this court would be served by retaining jurisdiction over Cluesmann in the suit before it. Crittenden v. Barkin, supra. Cf. Hardie v. Bryson, D.C.E.D. Mo., 44 F.Supp. 67.

■ California follows the general view and is in accord with the federal rule that "the proper test is whether [allowance of] the privilege will promote justice" under the circumstances presented. Russell v. Landau, 127 Cal.App. 2d 682, 685, 274 P.2d 681, citing with approval United States v. Conley, D.C.D. Mass., 80 F.Supp. 700, and Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192.[1]

The exemption of which Cluesmann seeks to avail himself is based on no mere technical rule of law from which it would automatically follow that because the non-resident defendant was here testifying as a witness he is totally immune from service. Defendant must affirmatively show that it is in the court's own interest in furtherance of the administration of justice, or in its interest as a matter of comity, to quash the service of this summons. The exemption should "not be enlarged * * * [and] should be extended or withheld only as judicial necessities require". Lamb v. Schmitt, supra [285 U.S. 222, 52 S.Ct. 318].

■ The strong presumption is that service is regular and the burden is on a defendant who is contesting service to establish that it was not. Among other things, what the non-resident defendant does and the time he spends in

---

1. Under the liberal federal rule it is of no moment that Cluesmann came to this jurisdiction for the purpose of having his deposition taken and not for attendance at trial. Plimpton v. Winslow, C.C.S.D. N.Y., 9 F. 365; Mississippi Wood Preserving Co. v. Rothschild, 5 Cir., 201 F. 2d 233; Durst v. Tautges, 7 Cir., 44 F. 2d 507, 71 A.L.R. 1394. See, also, New England Industries, Inc. v. Margiotti, supra. Although there appear to be no California cases directly on this point I will assume for the purposes of this motion that California holds the same view.

the jurisdiction before service, and, to a lesser extent, his activities in the jurisdiction and how long he stays thereafter, are taken into account in determining what his intentions were in coming into the jurisdiction, and whether he was really there solely for the purpose of testifying or not. Finucane v. Warner, 194 N.Y. 160, 86 N.E. 1118. And I see no reason why in that connection the defendant's general habits with respect to the frequency and regularity of his business in the jurisdiction are not of importance where, as here, his residence is only a short tube ride away from the place where his testimony is being taken and he has obvious strong business connections in New York City.[2]

█ In my view Cluesmann has not met his burden. On the question of the frequency, regularity and extent of his business activities in New York the affidavits in support of the motion are cryptic to a degree. They seem designed to conceal rather than to reveal the extent of Cluesmann's usual activities in New York. There is no statement as to when he arrived here to have his testimony taken or how frequently he comes to New York on the business of the Federation, which concededly has its principal offices in New York City, and of which he is the executive secretary. There is no description of what activities are carried on in the Executive Secretary's office in Newark. Indeed, neither the address of that office or of his Newark place of residence is given. There is no showing that he had any other business or occupation than as executive secretary of the Federation, and it is unlikely that he had. It is a fair inference from the circumstances which have been shown to exist, and the defendant's significant omissions, that he regularly comes in and out of New York to attend to the business of the Federation, and that had he not been testifying on that particular day he would have been in New York anyway.

Moreover, it is of some significance that the American Federation of Musicians, with which Cluesmann's interests were so closely allied, was a defendant both in the action in this district, and that counsel for the A.F.M. had stipulated that the depositions of its president and some eight of its other officers, including Cluesmann, should be taken in New York where its principal office and place of business was located. These facts, at the least, would place on Cluesmann a greater burden than he has met.

Cluesmann leaves it to a third party to indicate that his controlling purpose in coming to New York was to attend the examination, and he himself does not even refer to that subject. The showing as to the purpose of the visit is in itself insufficient to sustain his burden. Cf. McKinney v. Northwest Tractor & Equipment Corp., 41 Wash.2d 372, 249 P.2d 401; Finucane v. Warner, supra.

Under all the circumstances presented here there is no basis on which to find that the administration of justice in this court would be aided by quashing the service. Nor is sufficient shown to indicate that this court should do so as a matter of comity in order to further the administration of California justice. To grant relief in this case would in no wise "emphasize the dignity and importance of attendance at court * * *". United States v. Conley, supra, 80 F.Supp. at page 702.

The motion to quash service is in all respects denied because of the failure of defendant to sustain his burden of proof that service was irregular and in the exercise of my discretion.

2. Cf. Barbella v. Yale, 4 Misc.2d 825, 152 N.Y.S.2d 695 (witness traveled 360 miles); Plimpton v. Winslow, supra, (225 miles); Dwelle v. Allen, D.C.S.D. N.Y., 193 F. 546, (Ohio to New York City); Stewart v. Ramsay, supra, (Colorado to Illinois); Page Co. v. Macdonald, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737 (Ontario to Boston); New England Industries, Inc. v. Margiotti, supra, (Pittsburgh to New York City); Russell v. Landau, supra, (South Africa to California).