Anthony J. Di Giovanna, J.
A motion has been made to vacate the service of summons on the ground that it was made upon the defendant at a time when she was a witness in a Federal court action and had come into the jurisdiction of the Federal court by reason of the fact that she was required to appear for an examination before trial. The defendant is a nonresident of this State. The summons was served on January 10, 1962. No notice of appearance or notice of special appearance was filed until an order to show cause was obtained on March 1, 1962.
There is no question but that had the application been promptly made this defendant was one of a class entitled to claim immunity from process by reason of the fact that at the time of service she attended a court to testify and she was then a nonresident. However: ‘ ‘ Since the immunity is personal in its nature, service of civil process on one who is entitled to immunity from such service is not void, but merely voidable; and the immunity may be waived or lost by acts or omissions of a person otherwise entitled thereto. * * * The privilege may be waived not only by failure to assert it * * * promptly * * * and in case of failure to assert the privilege promptly, it is immaterial whether or not the delay was an intentional act of bad faith, since its effect would be the same. The privilege must be claimed at as early a stage of the proceedings as possible”. (72 C. J. S., Process, p. 1124, § 88.) It is further stated (§ 89, p. 1127): “Process issued in violation of the immunity granted to a nonresident while within the state attending trial is illegal and the court issuing such process does not acquire jurisdiction thereby, unless there has been a waiver or forfeiture of such privilege, as discussed supra § 88. A *545 claim of immunity or privilege may be asserted by an answer presenting only that question, and perhaps the claim may be asserted by a plea to the jurisdiction. The privilege may not be asserted by a motion to dismiss the action; and such immunity may not be raised by a general appearance but is required to be raised by a special appearance. * * * Motions to set aside or quash the service filed in the court in which the action is pending are very generally recognized as an appropriate method to assert the privilege.”
The only case in this jurisdiction seemingly bearing upon the timeliness of the objection is Finucane v. Warner (194 N. Y. 160).
Where service of a summons is void because it has not been mechanically made as provided by statutory provisions, such as section 225 of the Civil Practice Act et seq., one may move to vacate the service at any time. The reason is quite apparent. A judgment cannot be entered upon a void service and a judgment so entered is itself void unless a general appearance is made in the action.
That situation differs from the claim of privilege against service of process under the circumstances presented here. This claim of privilege is not based upon statutory law but upon common law. We are not guided in the interpretation of the common law by any set rule as to when such claim of privilege must be asserted. However, section 237 of the Civil Practice Act requires that an appearance be made within 20 days after service of the summons. In view of the fact that service of the summons was mechanically proper under the existing statutory law, it was necessary that such appearance be made within 20 days’ time or a notice of special appearance be served within that time. Where one claims privilege no right has been given under the common law for that person to sit by idly until a time in futuro and then move.
Under the circumstances I am of the opinion that the service of this summons was valid on the ground that the defendant by having failed to timely move, waived the claim of privilege.