LYF-ALUM, INC., Appellant, v. C & M ALUMINUM SUPPLY CORPORATION and another, Respondents.
RAUEN, Appellant, v. SAME, Respondents.

*January 4—February 1, 1966.*

594

For the appellants there were briefs by *Laikin, Swietlik & Peltin,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

For the respondents there was a brief by *Michael, Best & Friedrich,* attorneys, and *John K. MacIver* and *Marshall R. Berkoff* of counsel, all of Milwaukee, and oral argument by *Mr. Berkoff.*

HALLOWS, J.  The question on appeal is whether the immunity from service of civil process which is generally extended to nonresident witnesses and litigants in attendance upon a court within this state should be withheld from a nonresident plaintiff in suits which are alleged to be related to the original action. The plaintiffs contend it is the modern rule that a nonresident plaintiff is not immune from service of process where he has commenced litigation if the service is made in a cause related to the subject matter of the litigation commenced by him and the service of the process is on behalf of a party to such litigation. Under this argument, we are asked to treat Modica, who was served individually as well as officer of C & M, as being a nonresident plaintiff in the same classification as C & M.

We must start with the proposition that the general rule of immunity applies to witnesses and suitors and only by a minority rule is an exception made for nonresident plaintiffs in circumstances where the reason for the general rule does not apply. Wisconsin has dealt with the broad problem in two cases. In *Rix v. Sprague Canning Machinery Co.* (1914), 157 Wis. 572, 147 N. W. 1001, the Sprague Company, a foreign corporation, as plaintiff brought suit in Wisconsin against Hartford Canning Company and one of its officers while in Wisconsin as a witness in the action was served by Rix. In holding the service void, the court said, "A witness

or a party from another state necessarily present and in attendance upon a court within this state and present for such purpose only, is privileged from the service of a summons while so necessarily within the state." The court did not discuss whether there was an exception to the rule where the second suit was related to or arose out of the original action. But the court did state the reason for the rule is primarily for the protection of the administration of justice so that litigants and witnesses could freely attend court without penalty of thereby incurring any liability which would otherwise not be incurred. We think this freedom from penalty must be looked upon as a freedom to choose one's forum as well as the freedom to prosecute an action once commenced.

In *Harvey v. Harvey* (1929), 199 Wis. 212, 225 N. W. 703, a case involving a nonresident witness, the court granted immunity from the service of process and clarified the *Rix Case* to the extent that the witness or party did not have to be in the state under compulsion or of necessity, but his presence here could be voluntary. This clarification was upon the ground that nonresident witnesses should be encouraged to come into the state voluntarily to aid a trial of a pending case.

The general rule is one of long standing and existed in fact at common law. The statement of the rule and of the reason for its existence in the Wisconsin cases is not materially different from its statement in other jurisdictions.[1] The beneficial cloak of the immunity rule covers the nonresident plaintiff with its protection as well as the nonresident defendant or witness. As stated in 42 Am. Jur., Process, p. 125, sec. 144, "As generally

---

[1] See for example: *Durst v. Tautges, Wilder & McDonald* (7th Cir. 1930), 44 Fed. (2d) 507, 71 A. L. R. 1394; *In re Equitable Plan Co.* (2d Cir. 1960), 277 Fed. (2d) 319; *Stewart v. Ramsay* (1916), 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. 192; *Page Co. v. Macdonald* (1923), 261 U. S. 446, 43 Sup. Ct. 416, 67 L. Ed. 737; *Lamb v. Schmitt* (1932), 285 U. S. 222, 52 Sup. Ct. 317, 76 L. Ed. 720.

stated, the rule that suitors and witnesses from a foreign jurisdiction are exempt from service on [sic] civil process while attending court and for such reasonable time before and after as may enable them to come from and return to their homes is broad enough to include the parties plaintiff as well as the defendants and witnesses, and the prevailing view is that where the privilege may be claimed by a party, a plaintiff as well as a defendant is immune from service. Ordinarily, the privilege of immunity of a nonresident suitor from service of process in another action is applied indiscriminately between plaintiffs and defendants, and there appears to be no sound distinction for placing a party plaintiff on any different basis in this respect; it is as important to the administration of justice that foreign plaintiffs should be protected in making a full presentation of their cases as it is that parties defendant should be given this protection." See also 72 C. J. S., Process, p. 1115, sec. 80 (a) (3) ; Anno. Immunity from service of process as affected by relationship between subject matters of litigation in which process was issued, and litigation which nonresident served was attending, 84 A. L. R. (2d) 421, 425.

It is true some jurisdictions deny immunity to a nonresident plaintiff where the subject matter of the second suit is closely related or grows out of the subject matter of the first suit so as to justify the denial of immunity. The plaintiff relies on *L. P. Evans Motors, Inc., v. Meyer* (Fla. App. 1960), 119 So. (2d) 301; *St. John v. Superior Court* (1960), 178 Cal. App. (2d) 794, 3 Cal. Rptr. 535, 84 A. L. R. (2d) 415; and *Von Kesler v. Superior Court* (1930), 109 Cal. App. 89, 292 Pac. 544, which are decisions of intermediate appellate courts, and *Rizo v. Burruel* (1921), 23 Ariz. 137, 202 Pac. 234, 19 A. L. R. 823, and *Iron Dyke Copper Mining Co. v. Iron Dyke R. Co.* (C. C. Or. 1904), 132 Fed. 208, which expressly do not decide the question. In the two

cases which support the exception, *Stewart v. McCauley* (1965), 178 Neb. 412, 133 N. W. (2d) 921, and *Walker v. Calada Materials Co.* (10th Cir. 1962), 309 Fed. (2d) 74, the original suit involved the same subject matter as the subsequent suit. Also relied on by the plaintiffs is *Eberlin v. Pennsylvania R. Co.* (1961), 402 Pa. 520, 167 Atl. (2d) 155, in which the subsequent suit aided the original suit. It was pointed out in *United Nations v. Adler* (D. C. N. Y. 1950), 90 Fed. Supp. 440, which was a case involving service on the nonresident defendant in the original suit, that the cases withholding immunity to nonresident plaintiffs were to be explained on one of three grounds: (1) That the plaintiff need no inducement to appear in the action he has commenced, (2) in the interest of trial convenience, and (3) because full justice could not be done in the first action and would be denied to the resident defendants thereof should they seek to assert their right against a nonresident plaintiff in the courts of the latter's residence.

We think the only proper basis for an exception to the general rule would be a fact situation in which the reason for the rule ceased to exist. In *Stewart v. Ramsay* (1916), 242 U. S. 128, 37 Sup. Ct. 44, 61 L. Ed. 192, the court in applying the general rule of immunity to a nonresident plaintiff being served with a summons in an unrelated suit while testifying as a witness stated the privilege was one of the court and was founded on necessities of judicial administration which would often be embarrassed and sometimes interrupted if the suitor might be vexed with process while attending upon the court, and thus the nonresident plaintiff would be deterred from rightfully asserting its claim. Again in *Page v. Macdonald* (1923), 261 U. S. 446, 43 Sup. Ct. 416, 67 L. Ed. 737, the supreme court sustained the granting of immunity to a nonresident plaintiff. See also *Marlowe v. Baird* (6th Cir. 1962), 301 Fed. (2d) 169; *Kendrick v. Thompson* (D. C. Cir. 1964), 205 Atl.

(2d) 606; *Shapiro & Son Curtain Corp. v. Glass* (2d Cir. 1965), 348 Fed. (2d) 460.

In *Lamb v. Schmitt* (1932), 285 U. S. 222, 52 Sup. Ct. 317, 76 L. Ed. 720, the supreme court made an exception in the case of a nonresident attorney. In that case the attorney was in the jurisdiction representing a defendant in a case to set aside an alleged fraudulent conveyance of land and disposition of personal property. Part of the money sought to be recovered had been paid by the defendant to the attorney for fees; the second suit was to recover this money. The supreme court took the view the second suit was brought in aid of the original suit since it was brought to secure the rights asserted in that suit. The court phrased the test of immunity from service as follows (p. 228) : "[W]hether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it. That, as we have said, depends here upon the nature of the proceeding in which the service is made and its relation to the principal suit, both of which are disclosed by the pleadings."

The precise question here is whether allowance of the commencement of the suits by Rauen and Lyf-Alum by service on Modica would impede the administration of justice of the original suit in the federal court. It makes no difference whether the original suit is in the federal court or the state court. The effect of denying immunity would be the same, either that nonresidents would not seek a forum in Wisconsin or the prosecution of the suit would be hindered or unduly penalized by the commencement of the second action.

While in a sense the subject matter of the suits are related, they are not identical. The federal suit is for damages for breach of the Robinson-Patman Act. The second suits are based on actions and activities of the nonresident plaintiff and Modica occurring and un-

associated with the acts of the defendant alleged in the first suit. The very nature of these suits is to impede and threaten the continuance of the first suit. They do not under any view involve the same facts or subject matter. Under the only logical basis for an exception to the general rule, namely, that the original suit will be aided or at least not harmed, we cannot find that the suits commenced by Rauen and Lyf-Alum come within such exception. We admit some courts have made a broader exception to the rule, but we are not inclined to so do. See *Poss v. District Court in and for El Paso County* (Colo. 1965), 408 Pac. (2d) 69.

It was pointed out in *United Nations v. Adler, supra,* that the reason for the general rule is not to favor or convenience the second suit, because if that were the reason there would be no immunity in any case. The doctrine is not concerned with the second suit or its justification, or with the convenience of the plaintiff therein, but is only concerned with the effect on the original suit of the granting of immunity. The granting of immunity need not affirmatively and in fact aid the original suit but should not obstruct it. An action charging among other things an abuse of process for maintaining the original suit would not seem to be a type of action within the exception. Only in a very limited area, where the purpose of the second suit advances the purpose of the first suit, should immunity be denied.

The last argument of Lyf-Alum advances the propositions that Wisconsin Stats., ch. 262, and traditional notions of fair play and substantial justice under the Fourteenth amendment do not require that the service be set aside, and in fact justify such service. The minimum-contact theory of ch. 262 as a basis for jurisdiction of service is not applicable here. Neither Modica nor C & M has any contacts with Wisconsin other than the present pending federal suit. Equities in favor of the defendant are not a basis for jurisdiction of the court to sustain

the service of process and the doctrine of "traditional notions of fair play and substantial justice" is a limitation upon asserted jurisdiction, not a basis for the court's jurisdiction. Both of these arguments seek the destruction of the rule of immunity from service, which we believe should exist. We hold the trial court did not err in quashing service and recognizing the doctrine of immunity on the facts of this case.

*By the Court.*—Order affirmed.