**O. L. PIERCE, Plaintiff,**

v.

**ALLELUIA CUSHION CO., INC., Defendant.**

**O. L. PIERCE, Plaintiff,**

v.

**Jack B. MORRIS et al., Defendants.**

**Nos. EC 75–39–S and 75–40–S.**

United States District Court, N. D. Mississippi, E. D.

July 23, 1975.

Hassell H. Whitworth, Thomas C. Gerity, Jackson, Miss., for plaintiff O. L. Pierce.

Timothy R. Smith, George F. Woodliff, Jackson, Miss., for defendants Alleluia Cushion Co., Inc., and Jack B. Morris.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

At the evidentiary hearing held on June 30, 1975 at the United States Courthouse in Aberdeen, Mississippi, counsel for plaintiff objected to the introduction of portions of several affidavits submitted by defendants in support of motions for a change of venue which were then under consideration. The thrust of the objection in each instance was that the portion of the affidavit to which the objection was made contained a factual and/or legal conclusion of the affiant. The objections were made ore tenus and are reflected by the court reporter's notes. The court is of

the opinion that the motions are well taken and should be sustained.

## EC 75–39–S

Defendant, Alleluia Cushion Co., Inc., (hereinafter referred to as "Alleluia") in EC 75–39–S has filed a motion to change the venue of the action to the United States District Court for the Northern District of Texas, Fort Worth Division, for the convenience of the parties and witnesses, in the interest of justice pursuant to 28 U.S.C.A. § 1404 (a).[1]

The parties have submitted live testimony and affidavits on the issue, and the court has reviewed and carefully considered extensive memoranda in regard thereto.

The action sub judice concerns the alleged breach of a contract of employment between plaintiff and the corporate defendant. Alleluia is a Texas corporation qualified to do business in the State of Mississippi pursuant to Mississippi statutes. At all times pertinent to the controversy, Alleluia has been and is now actually doing business in Mississippi, that is, operating a manufacturing plant at Houston, in the Eastern Division of the court.

The record sustains a finding that the subject contract was executed in Mississippi; that plaintiff is a resident and citizen of Mississippi and of the Eastern Division of the Court; that the contract has been performed, at least in part, in Mississippi; that approximately fifty percent (50%) of Alleluia's gross production is manufactured at its Houston plant; and, that approximately one half of Alleluia's factory personnel is employed and works for Alleluia at said plant.

The main thrust of Alleluia's argument in support of its motion to change the venue is that the general books and corporate records of Alleluia are maintained at its home office in Fort Worth, Texas and the Texas court would be more convenient for the production and inspection of such records and for the accountants and other witnesses who will be called to testify in regard thereto. Alleluia also contends that its corporate officers and officials reside in or near Fort Worth and need to be in daily contact with Alleluia's affairs in order to properly operate the business. Alleluia argues that to require their attendance in the court in Mississippi would result in severe hardships and handicap the operation of the business. Plaintiff O. L. Pierce (hereinafter referred to as "Pierce") contends, however, that while he was the directing head of Alleluia he experienced no difficulty in directing its affairs from the Houston office. It follows, according to Pierce's argument, that company officials could well direct the corporate affairs from Houston without any serious inconvenience during a trial in this court.

■■ The motion must be considered in light of the peculiar circumstances surrounding the parties and the controversy. No one single fact or circumstance will compel a transfer to another district. The convenience of the parties and of the witnesses is only one of several elements to be considered. The selection of the forum by Pierce should not be disturbed unless the convenience of the parties and witnesses, in the interest of justice, requires a change of venue.

■ After a careful consideration of all circumstances surrounding the controversy and the parties the court has concluded that the motion should be denied. The court realizes that Alleluia will be inconvenienced in defending the suit in Mississippi. The same thing is true, however, for the plaintiff should the motion be granted. Before the controversy arose, Alleluia's affairs were being directed by plaintiff from the

---

1. 28 U.S.C.A. § 1404(a) provides:
    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Houston office. Approximately one half of Alleluia's products are manufactured at Houston. Nearly fifty percent (50%) of its employees are engaged at the Houston plant. A trial of the action can be had in Mississippi as quickly as in Texas. Plaintiff's selection of the forum is entitled to consideration. The court has given careful consideration to all these factors in reaching a decision.

## EC 75–40–S

In this action the court's attention should be first directed to the question of in personam jurisdiction over the individual defendant, Jack B. Morris (hereinafter referred to as "Morris"). Morris is a citizen of the State of Texas. Service of process was had upon him by service of process upon the Secretary of State under Mississippi's long-arm statute, Section 13–3–57, Mississippi code 1972.[2] Pierce seeks by his complaint to enforce the performance of a contract which he entered into with Morris in contemplation of a merger of a Mississippi corporation owned by Pierce and Morris in equal shares and an Arkansas corporation owned principally by Morris and members of his family. The surviving corporation into which the cor-

porations were to be merged is defendant Alleluia Cushion Co., Inc.,[3] (Alleluia).

At the time the contract was made, Morris and Pierce had been engaged for many years in the operation of the Mississippi corporation at Houston, Mississippi.

Subsequent to the merger, Morris has been actively engaged in the Mississippi operation of Alleluia, performing many of his duties within the state. Plaintiff contends that Morris, because of his Mississippi activities in regard to the corporations just mentioned, has been and is now "doing business" within the state, sufficient to bring him within the reach of the statute. The statute contains a "doing business" provision of which the court need not make a determination. It is clear that the contract in question was to be performed at least in part, in Mississippi. The consideration for the contract was the agreement between Pierce and Morris to cause a merger of the Mississippi and Arkansas corporations. Morris and Pierce were obligated by the terms of the contract to cause the Mississippi corporation to enter into the merger plan. In order that this might be accomplished, the Mississippi corpor-

---

**2.** Section 13–3–57, Miss.Code 1972, provides for service of process through the Secretary of State on "[a]ny nonresident person, . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state."

**3.** The subject contract follows:
AGREEMENT

In consideration of each of the undersigned agreeing to undertake and carry out the plan of merger or consolidation of M–P Enterprises, Inc., a Mississippi Corporation and M–P Cotton Felt, Inc., an Arkansas Corporation, into one corporation presently planned to be named Alleluia Cushion Co., Inc., or into whatever name of the surviving or new corporation, by voting our respective shares in said corporations in support of said plan, and in undertaking the responsibilities of ownership thereafter, and as a condition precedent thereto, we do hereby agree that each of us will at all times in the election of the Boards of Directors of said

surviving or new corporation, vote our respective shares so that each of us shall be able to select of our own sole, individual choice an equal number of directors as the other. (For example, if there are six directors, the undersigned J. B. Morris shall be able to nominate any three individuals of his own choice to the board, and each of the undersigned will vote all shares owned by him in support of the nominees of the other.) They will each see, insofar as shares owned by them permit, that each has an equal number of persons selected by each on the board. Each of the undersigned recognize that this agreement is in the best interest of the new corporation. This agreement shall terminate upon the new corporation going public, or merging with any publicly owned corporation. This agreement consisting of two pages signed on the 16th day of March, 1975.

/s/O. L. Pierce
/s/J. B. Morris

ation was necessarily required to take corporate action to effect the merger. Such action required a partial performance of the contract by both Pierce and Morris in Mississippi.

It is the judgment of the court that the circumstances surrounding the contract and its performance bring Morris within the reach of the statute.

### The Attempted Personal Service in EC 75–40–S

While Morris was in attendance upon the court at the evidentiary hearing above mentioned, plaintiff caused him to be personally served with an alias process in EC 75–40–S.

Morris has filed a motion to quash the process because of the circumstances under which the summons was served.

 The motion is well taken. The question has been settled for many years in this jurisdiction. As early as 1933, the Mississippi Supreme Court held that suitors attending court outside the territorial jurisdiction of their residence are immune from service of civil process. In *Arnett v. Carol C., & Fred R. Smith,* 165 Miss. 53, 145 So. 638, 641 the Mississippi Supreme Court said:

> "It appears to us that the reasoning of this vast array of cases, which announce the rule that suitors in attendance in a court outside of the territorial jurisdiction of their residence are immune from service of civil process, is sound, and should prevail in this state, and therefore we hold that the process served on the appellee was invalid."

This brings the court to the motions of both defendants in EC 75–40–S to transfer the action to the United States District Court for the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C.A. Section 1404(a).

The same reasoning which dictated the court's action with reference to the motion filed by Alleluia in EC 75–39–S, controls here. Further support is found in the fact that the action in EC 75–

39–S and the one in EC 75–40–S are so intertwined as to require only one trial. A large amount of time and effort on the part of all concerned will be saved by one trial rather than two.

Accordingly, appropriate orders will be entered in each of the actions to which this memorandum applies.