**Alfred A. SPELBRINK et al.**

v.

**Jack B. JACOBS.**

**Civ. No. B–77–115.**

United States District Court,
D. Connecticut.

Nov. 9, 1977.

Edward M. Sheehy, Bridgeport, Conn., James A. Randel, New Canaan, Conn., for plaintiffs.

Melvin S. Katz, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

NEWMAN, District Judge.

The defendant in this action, Jack B. Jacobs (Jacobs) is the trustee in dissolution for Market Publications, Inc. (Market), a Delaware corporation. While in Connecticut in connection with the dissolution, Jacobs was served in a state court action brought by plaintiffs Joseph J. Hanson (Hanson) and Alfred A. Spelbrink (Spelbrink), former directors and the president and vice-president, respectively, of Market, and by plaintiffs Conference Management, Inc. and Elouise Spelbrink, as transferees for value of the interests of Hanson and Spelbrink, respectively, in securities of and claims against Market. Having removed this action from state court, defendant now moves to dismiss, alleging, *inter alia*, that this Court lacks personal jurisdiction over

him because he was immune from service of process while in Connecticut.[1]

A brief summary of the background of this litigation will help illuminate the present issue.[2] Market was formally dissolved on January 6, 1976. Prior to that, in December, 1975, a derivative action was filed by minority stockholders in Market on behalf of the corporation charging Hanson and Spelbrink (plaintiffs in this action) with violations of their fiduciary duties.[3] On March 19, 1976, Jacobs was appointed trustee in dissolution of Market by the Delaware Court of Chancery pursuant to the Delaware General Corporation Law § 279. As a trustee, Jacobs was required to collect the assets of the corporation and to ascertain and discharge its liabilities, and to file certain reports with the Court pursuant to the Chancery Court Rules. To complete these reports Jacobs sought testimony of the plaintiffs because they had personal knowledge of certain transactions. On November 19, 1976, the Delaware court granted an order pursuant to Chancery Rule 160 directing Hanson and Spelbrink to appear and answer questions about Market. The order provided for their voluntary appearance in Delaware, but also expressly provided that in the absence of a voluntary agreement by the two former officers to testify in Delaware, the trustee was authorized "[t]o institute proceedings for the issuance of a subpoena or other appropriate process in the appropriate Court or Courts in the State of Connecticut . . . for the purpose of compelling obedience to this Order." After failing to obtain voluntary compliance, Jacobs obtained subpoenas *duces tecum* pursuant to Conn.Gen.Stat. § 52–148a *et seq.*, which were served on January 11, 1977. Hanson and Spelbrink objected to the production of documents, but their ob-

jections were overruled by the Delaware Court of Chancery on February 4, 1977, and they were ordered to comply with the subpoenas. Plaintiffs also raised objections to the subpoenas in a proceeding before the Connecticut Superior Court for Fairfield County, but in orders dated February 14, 1977, and February 18, 1977, their motion to quash was denied, and production of most of the documents was ordered by the Connecticut court.[4] The examination of Hanson began on February 28, 1977, in Stamford, Connecticut, and continued through March 1, 2, and 4. On March 4, 1977, Jacobs was .served with the summons and complaint for this action by a deputy sheriff of Fairfield County, Connecticut. Jacobs challenges that service on the grounds that he was immune from service while in Connecticut at the direction of the Delaware court.

In determining whether a federal court should recognize an immunity from service on these facts, it is important first to understand the nature of the immunity being sought. In the oft-cited language of the Supreme Court,

> [t]he privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.

*Lamb v. Schmitt*, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932), quoting *Stewart v. Ramsay*, 242 U.S. 128, 130, 37 S.Ct. 44, 61 L.Ed. 192 (1916).

---

**1.** Defendant's motion to dismiss raises four distinct grounds for dismissal, but only the issue of immunity from service has been briefed. In view of the disposition on that issue, it is unnecessary to consider the others.

**2.** The factual background is taken primarily from the defendant's moving papers and his affidavit. Plaintiffs have not challenged his version of the events preceding the present suit.

**3.** This action was filed in the Court of Chancery of the State of Delaware in and for New Castle County and is entitled *Reilly et al. v. Market Publications, Inc., et al.*, Civil No. 4963, 1975.

**4.** *Joseph J. Hanson and Alfred A. Spelbrink v. Marshall Goldberg and Jack B. Jacobs*, No. 031158.

■ Plaintiffs strenuously urge that the decision as to whether "the necessities of the judicial administration" require immunity on these facts should be answered by reference to state law.[5] They argue that the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), as developed in the outcome-determinative test of *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), requires this Court to apply the law of Connecticut so that the result reached would be the same as if the case had not been removed. The federal courts have consistently held, however, that the issue of immunity from service of process is "governed by federal practice in the federal courts and not controlled by state law under the Erie doctrine." *I. C. C. v. St. Paul Transportation Co.*, 39 F.R.D. 309, 310 (D.Minn.1966). This is true not only when someone is attending a federal proceeding and is served in a second federal proceeding as in *St. Paul Transportation Co., supra*; see also *Employers Mut. Liab. Ins. Co. of Wis. v. Hitchcock*, 158 F.Supp. 783, 784 (E.D.Mo.1958), but also when he is attending a federal proceeding and is served in a state court action that is later removed to federal court. *Marlowe v. Baird*, 301 F.2d 169, 170 (6th Cir. 1962); *Hardie v. Bryson*, 44 F.Supp. 67, 72 (E.D.Mo.1942). In either case a federal, rather than a state, rule is applied. 6 Moore's Federal Practice ¶ 4.20 at 1092 (2d ed. 1977). But *cf. Goade v. Vollrath*, 81 F.Supp. 971 (W.D.Mo.1948).

The facts of the present case are somewhat unusual, however. In the normal case the party served comes into the jurisdiction in connection with a proceeding in that jurisdiction and is served with process relating to a second proceeding in that same jurisdiction. By contrast, the defendant Jacobs was served here when he came into Connecticut in conjunction with a proceeding pending in Delaware. Thus the case is more like *Republic Productions, Inc. v. American Fed. of Musicians*, 173 F.Supp. 330 (S.D.N.Y.1959). In that case the defendant was served in New York after going there to be deposed in connection with an action pending in California. In this case, as in that one, defendant's presence in the jurisdiction was occasioned by his participation in proceedings unrelated to any before this Court or any court of this state. The court in *Republic*, although ruling on immunity as a federal issue, recognized that the only interested forum was the state in which the affected proceedings were pending, *i. e.*, California, and concluded that it was "necessary to ascertain what view the California courts would take of the claimed exemption since the motion must rest upon the premise that service should be quashed as a matter of comity in order to aid the administration of justice in the California state courts." 173 F.Supp. at 333. Similarly, as a matter of comity, Delaware's interest will be considered in deciding whether a federal court should recognize an immunity from process on these facts.[6]

■ I turn now to a determination of whether, as a matter of federal law, the defendant is immune from service of process in this case. The general rule of immunity is that "witnesses, parties and attorneys coming from another jurisdiction are exempt from service of civil process during the period required for their attendance in court." *Shapiro & Son Curtain Corp. v. Glass*, 348 F.2d 460, 461 (2d Cir.), *cert. denied*, 382 U.S. 942, 86 S.Ct. 397, 15 L.Ed.2d 351 (1965). The defendant here, a trustee

---

5. Specifically, plaintiffs urge that Connecticut law should apply. Even if they were correct about the source of law, however, it is by no means certain that Connecticut would refuse to recognize immunity in this instance. It may be that Connecticut has recognized immunity only for witnesses, *Murphy v. Dantowitz*, 142 Conn. 320, 328, 114 A.2d 194 (1955), and for civil defendants, *Wilson Sewing Machine Co. v. Wilson*, 51 Conn. 595 (U.S.C.C., D.Conn.1884), while refusing it to non-resident plaintiffs,

*Bishop v. Vose*, 27 Conn. 1, 12–13 (1858). Nevertheless, there is nothing to indicate that Connecticut has yet considered or would refuse to recognize immunity on the facts of this case.

6. There is apparently no Delaware authority on the issue of immunity as presented by the facts of this case, but there is no reason to believe that Delaware would apply a rule different from the one applied *infra*.

of a foreign corporation coming into this jurisdiction to take depositions, does not fit precisely into any of the three traditional categories. Nevertheless, I conclude he is entitled to immunity.

Plaintiffs argue that defendant should be analogized to a non-resident plaintiff because he has made use of Connecticut judicial processes in arranging for the depositions of the plaintiffs and in resisting plaintiff's motion to quash. Because Connecticut does not recognize immunity for a non-resident plaintiff attending his action, *Bishop v. Vose*, 27 Conn. 1, 12–13 (1858), this analogy is urged in the mistaken belief that Connecticut law governs the scope of immunity. As indicated above, however, the scope of immunity is an issue not governed by *Erie R. Co. v. Tompkins*, but is instead a matter of federal law. The federal rule clearly is that a non-resident plaintiff who comes into the jurisdiction to utilize the state courts is immune from service in a federal action, *Page Co. v. Macdonald*, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737 (1923), just as he is when he is a plaintiff in a federal action. *Shapiro, supra; Sheeran v. Ravella*, 18 F.R.D. 411 (M.D.Pa.1956). Insofar as defendant's situation resembles that of a non-resident plaintiff, immunity is proper.

Alternatively, plaintiff may be analogized to an attorney who enters a jurisdiction to take depositions in furtherance of a proceeding pending elsewhere. That was the situation presented in *Durst v. Tautges, Wilder & McDonald*, 44 F.2d 507 (7th Cir. 1930). There the attorney was held to be immune from service made while he was in the jurisdiction for the taking of depositions in a case pending in his home state.

The case for immunity in this action is even stronger than in those arguably analogous situations. An attorney seeking to take depositions on behalf of a client is an "officer of the court," but only in a very generalized sense. By contrast, defendant Jacobs was personally appointed by the Delaware court to serve as trustee and was specifically authorized by the court to come to Connecticut to take depositions. More-

over, unlike a plaintiff who comes into a foreign jurisdiction in pursuit of some personal benefit, the trustee here came to Connecticut not to advance his own interests but to fulfill his obligation to the Delaware court and to the shareholders of the dissolved corporation. I see no reason to afford a trustee less protection from service than a private plaintiff enjoys.

For the foregoing reasons, the motion to dismiss is granted.