**Willie Mae POINTER and Claudia Watson**

v.

**Seyed Mehdi GHAVAM and Carolyn Stingley Cagnolatti Ghavam.**

**No. LR–C–85–314.**

United States District Court, E.D. Arkansas, W.D.

July 16, 1985.

---

**3.** This is the familiar language of Rule 26(b)(3), which bespeaks the same concerns as are exemplified by the Doctrine.

Philip E. Kaplan, Little Rock, Ark., for plaintiffs.

Gilmer & Jones, P.A., Jackson, Miss., and Richard L. Smith, P.A., Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court is defendant Seyed Mehdi Ghavam's motion to dismiss for lack of proper service. For the reasons stated below, the motion will be granted.

This wrongful death action was removed from the Circuit Court of Pulaski County to this Court. The complaint alleges that "the defendants conspired and/or participated in the execution of a series of actions that resulted in the death of the deceased, Bessie West Ghavam," and "defendants were the only persons to profit from the death of the deceased, thereby giving them the only motive to take the life of the deceased." Plaintiffs are Willie Mae Pointer, the mother of Bessie West Ghavam, deceased, and Claudia Watson, the sister of Bessie West Ghavam, deceased. Ms. Pointer is a citizen of Oklahoma and Ms. Watson is a citizen of Arkansas. Defendants are Seyed Mehdi Ghavam, the widower of Bessie West Ghavam, and Carolyn Stingly Cagnolatti Ghavam, Mr. Ghavam's present wife. Mr. Ghavam is a citizen of Iran, and both he and Ms. Carolyn Cagnolatti Ghavam are residents of Mississippi. At the time of her death in Texas, both the decedent and Mr. Ghavam were residents of Texas.

Because Carolyn Cagnolatti Ghavam has not been served with process, Mr. Ghavam is the only defendant before the Court. Mr. Ghavam was personally served with process in Arkansas on March 27, 1985. Mr. Ghavam was in Arkansas to testify in the probate court proceedings concerning the estate of Bessie West Ghavam. It is undisputed that the proceedings took place on March 27, 28 and 29, 1985, and that Mr. Ghavam arrived in Arkansas on March 27 and left on March 29. The parties disagree as to whether Mr. Ghavam instituted the probate court proceedings; plaintiffs contend that Mr. Ghavam instituted the proceedings in order to contest the will of Bessie West Ghavam, while defendant contends that others instituted the proceedings.

In the instant motion to dismiss, Mr. Ghavam contends that the service upon him was improper, citing the common law rule that persons coming from another jurisdiction are immune from service of process during the period required for their attendance in court. Plaintiffs contend in response that the probate action and the wrongful death action are related, and that an exception from immunity exists in such cases.

The purpose of the immunity doctrine was described by the Supreme Court in *Lamb v. Schmitt*, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932):

> As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation.

*Id.* at 225, 52 S.Ct. at 318.

■ Because a grant of immunity is for the protection of the courts rather than the parties, where immunity would defeat rather than aid the administration of justice, courts may deny immunity. *Id.* However, in determining whether immunity would defeat the administration of justice in a particular case, courts must recognize that the role of immunity serves its purpose only if it is sufficiently definite that prospective witnesses can determine the scope of its protection. *In Re Equitable Plan Company*, 277 F.2d 319 (2d Cir.1960); *United Nations v. Adler*, 90 F.Supp. 440 (S.D.N.Y.1950).

■ The most common situation in which courts have found that granting immunity defeats rather than aids the administration of justice, and the one at issue in the instant action, is that where the action in which process is sought to be served is related to the action which is responsible for the person being present in the jurisdiction. *In Re Fish & Neave*, 519 F.2d 116 (8th Cir.1975). In other words, where the second action arises out of or involves the same subject matter as the one in which a nonresident has made a voluntary appearance, immunity is not granted.

Although some form of the common law immunity rule exists in almost every jurisdiction, the contours of the doctrine vary. For instance, many jurisdictions do not afford immunity where a party's appearance was not voluntary, such as is the case with criminal defendants; such jurisdictions reason that it is unnecessary to encourage attendance by granting immunity where attendance is already compulsory. *Employers Mut. Liability Ins. Co. of Wis. v. Hitchcock*, 158 F.Supp. 783 (E.D.Mo.1958). Conversely, some jurisdictions do not afford immunity to a nonresident plaintiff, reasoning that those who invoke the privilege of affirmatively using the courts may not also fairly claim to be immune from that court's jurisdiction. *See U.S. v. Adler*, *supra*.

Where the scope of protection differs between federal and state law, federal courts sitting in diversity cases must determine which law to apply. *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A majority of the federal courts which have decided the issue have found that immunity from service is a procedural question to be resolved by federal law. *LaChance v. Service Trucking Co.*, 208 F.Supp. 656 (D.Md.1962); *Employers Mut. Liability Ins. Co. of Wis. v. Hitchcock*, *supra*; *Spelbrink v. Jacobs*, 79 F.R.D. 531 (D.Conn.1977); *I.C.C. v. St. Paul Transp. Co.* 39 F.R.D. 309 (D.Minn. 1966); *Republic Productions, Inc. v. American Federation of Musicians*, 173 F.Supp. 330 (S.D.N.Y.1959); *Marlowe v. Baird*, 301 F.2d 169 (6th Cir.1962).

Some courts have indicated, however, that the *Erie* doctrine and the outcome-determinative test of *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), dictate that state law should govern questions of immunity. *Viking Penguin, Inc. v. Janklow*, 98 F.R.D. 763

(S.D.N.Y.1983); *Goade v. Vollrath,* 81 F.Supp. 971 (W.D.Miss.1948); *Pierce v. Alleluia Cushion Co., Inc.* 397 F.Supp. 338 (N.D.Miss.1975); *Cf. Arrowsmith v. United Press International,* 320 F.2d 219 (2nd Cir.1963). Many of the cases where courts have found federal law applicable have involved situations where an individual who was involved in a federal action (diversity or otherwise) was served with process in a federal diversity action. *LaChance, supra; Employers Mut. Liability Ins. Co. of Wis., supra; I.C.C. v. St. Paul Transportation Co., supra.* In such situations, the interest of the federal courts in protecting the jurisdiction of federal courts is obviously strong.

By contrast, in those situations where a person participating in state proceedings is served in a federal diversity action, the state's interest in protecting in its own courts is strong and it is doubtful that federal immunity law should govern in those situations. In such situations, even those courts applying federal immunity law recognize that principles of comity require that the interests of the state be considered in determining whether immunity should be granted. *Spelbrink, supra; Republic Products, Inc., supra.*

And in situations such as the present one, where a person participating in state proceedings is served with process in another state proceeding which is then removed to federal court, the case for using state law, either under *Erie* principles or under comity principles, becomes overwhelming. *Goade v. Volrath, supra; Cf. Arrowsmith supra.*

As discussed below, it appears in the instant case that the defendant Mr. Ghavam is entitled to immunity under both federal law and under Arkansas law. Thus, this court will not have to resolve the question of whose law to apply.

■ The federal law on immunity is clear. The common law rule of immunity is recognized, including the exception for related actions. *In Re Fish & Neave, supra.* Immunity is extended to all those involved in court proceedings, including

nonresident plaintiffs. *Spelbrink, supra; Stewart v. Ramsay,* 242 U.S. 128, ·37 S.Ct. 44, 61 L.Ed. 192 (1916).

Arkansas law, although less clear, also appears to liberally interpret the doctrine of common law immunity, extending its protection to nonresidents plaintiffs and to criminal defendants, and even to those involved in proceedings ancillary to litigation such as depositions. *Barnes v. Moore,* 217 Ark. 241, 229 S.W.2d 492 (1950); *Powers v. Arkadelphia,* 61 Ark. 504, 505, 33 S.W. 842 (1896). With respect to the exception denying immunity in related actions, no Arkansas case discussing the exception was located. Because the exception is an integral part of the doctrine of immunity, however, the Court will assume that Arkansas follows it.

The Court cannot be sure that the Arkansas Supreme Court would still adhere to such a broad interpretation of common law immunity. The Arkansas cases which treat the issue are old, while conceptions of jurisdiction have generally expanded over time. The Court notes that a few states which have recently considered the immunity doctrine have questioned or abandoned it. *Severn v. Sportschuhfabriken,* 109 Cal.Rptr. 328, 33 Cal.App.3d 754 (1973); *Wangler v. Harvey,* 41 N.J. 277, 196 A.2d 513 (1963); *Fahy v. Abattoir,* 223 Pa.Super. 185, 299 A.2d 323 (1973). Because Arkansas' existing case law is at this point unequivocal, however, this Court finds that Arkansas continues to adhere to a broad interpretation of common law immunity.

In the instant case, all parties agree that Mr. Ghavam was in Arkansas solely for the purposes of participating in probate proceedings. Thus, unless special circumstances exist which would mean that granting immunity would somehow defeat the administration of justice, Mr. Ghavam is entitled to immunity under Arkansas law and under federal law. Plaintiffs here do contend that special circumstances exist; specifically, plaintiffs believe that the probate action and the wrongful death action are closely related.

In *Lamb v. Schmitt,* the Supreme Court found that immunity should not be granted because of the close relationship between two actions. *Supra.* The Court's statements in this regard are instructive:

Here the two suits, pending in the same court, are not independent of each other or unrelated. The second was brought in aid of the first, on which the petitioner, when served with process, was in attendance, charged with the duty of counsel in the case to assist the court. It was brought to secure rights asserted in the first suit which, but for the actions charged against the petitioner in the second, would have been secured in the first. The later suit was so much a part and continuation of the earlier one that the jurisdiction of the court over the first extended to the second without regard to citizenship of the parties or the satisfaction of any other jurisdictional requirements.

From the viewpoint of the due administration of justice in the first suit, the second was as much a part of it as if it had been an interlocutory motion to compel the production in court of documents or of property involved in the suit. (Citations omitted.)

*Id.* at 227, 52 S.Ct. at 318; *see also La-Chance v. Service Trucking, supra; In Re Equitable Plan Company, supra; Lyf-Alum, Inc. v. C & M Aluminum Supply Corporation,* 139 N.W.2d 601, 29 Wis.2d 593 (1966); *Shapiro & Son Curtain Corp. v. Glass,* 348 F.2d 460 (2nd Cir.1965).

■ To determine whether the subject matter of the second suit is closely related or grows out of the subject matter of the first suit so as to justify the denial of immunity, the Court must look to the pleadings. *Lamb v. Schmitt, supra; Russell v. Landau,* 274 P.2d 681, 127 Cal.App.2d 682 (1954). Here, because the parties have neither supplied or discussed the pleadings and/or the issued involved in the probate proceedings, and because the pleadings in the wrongful death action are sparse, the pleadings are not very instructive.

■ Plaintiffs treat the relationship between the two actions with the conclusory statement that "these two actions are very related and that plaintiff is seeking relief in the pending action that is connected with the subject and issues raised in the litigation commenced in state court by the defendants." The defendant responds in kind, stating that "there is little if any relation between probate of a will and the issues involved therein and a wrongful death action or action to recover damages for personal injury," and that he "denies that the issues and litigation involved herein is incidental to or connected with any proceedings in which he may previously have been involved."

The Court agrees with the defendant that issues involved in a probate action are not normally related to the issues involved in a wrongful death action. *Russell v. Landau, supra.* Thus, in the absence of any specific showing to the contrary, the Court finds that the instant action and the probate action are not connected, incidental to, or dependent on each other. The Court also finds that the administration of justice would be furthered rather than defeated by the granting of immunity to the defendant Seyed Mehdi Ghavam. Plaintiffs' action will thus be dismissed for lack of jurisdiction.

It is therefore Ordered that defendant Seyed Mehdi Ghavam's motion to dismiss be, and it is hereby, granted. It is further Ordered that the complaint in this action be, and it is hereby, dismissed.